## Case No. 10,352.

### NORTON v. RICH.

[3 Mason, 443.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1824.

#### APPEAL—WHEN TAKEN.

An appeal from a decree of the district court must be taken in open court before the adjournment sine die, unless a different period be prescribed by the court.

[Cited in U. S. v. Haynes, Case No. 15,335; U. S. v. The Glamorgan, Id. 15,214; The New England, Id. 10,151; The Martha, Id. 9,144; The Enterprise. Id. 4,500; Otis v. The Rio Grande. Id. 10,614; The Oriental, Id. 10,570; The Brantford City, 32 Fed. 325.]

[Cited in The Zephyr v. Brown, 2 Wash. T. 44, 3 Pac. 187.]

Libel for seamen's wages. The district court on the hearing decreed wages to the libellant; and no appeal being taken in court, the court adjourned without day. Three days afterwards, the respondent claimed an appeal in the clerk's office; but the district judge refused to allow it, upon the ground, that the party was bound to make his appeal before the final adjournment of the court sine die, or within such other period as the court should, upon his application, prescribe. A petition was addressed to the circuit court in behalf of the respondent for relief by J. K. Smith.

STORY, Circuit Justice. The only modes of appeal, which are known in courts of admiralty, (at least as far as my researches have enabled me to ascertain,) are appeals made in open court, sedente curia, immediately after the decree, and then they are apud acta, or appeals made, within ten days after the decree, before a notary. 1 Browne, Civ. & Adm. Law, 494–498; 2 Browne, Civ. & Adm. Law, 435–439; Ought. Ords. Judi. tit. 277, 289, 294; Clerke, Praxis, tit. 53, and note; Cod. lib. 7, tit. 62, § 6. This latter mode has never been in use in America, and has been expressly declared to be inadmissible by the supreme court. [Glass v. The Betsey] 3 Dall. [3 U. S.] 6, note. The judiciary act of 1789, c. 20 [1 Stat. 73], has expressly prescribed a period of five years, within which appeals may be made from the decrees of the circuit court to the supreme court, and the mode in which it is to be done, by a citation to the adverse party, &c., &c. (section 22). But it has provided no mode as to appeals from the decrees of the district courts to the circuit courts confining the appeal only to the next circuit court (section 21). This omission seems to indicate a difference of intention in congress as to appeals from the circuit and district courts, leaving appeals from the latter to be regulated by the discretion of the court, or to be made only at the time

of the decree. The case, therefore, being untouched by statute, must be decided upon general principles. Acts 1792, c. 36 [1 Stat. 275], and 1793, c. 22 [Id. 333], have given to all the courts of the United States authority to make such regulations for their practice and business, as they may deem expedient; and doubtless under these acts, as appeals from the district courts are unprovided for by statute, these courts may by rule prescribe the times and modes of making them. They may require appeals to be made in open court before an adjournment sine die, or afterwards, within a fixed time, in the clerk's office. It would be unreasonable to suspend the execution of a decree during a whole vacation; and after execution once authorized and carried into effect, it would be inconvenient to allow appeals to the circuit court. In this district no regulations as to appeals have ever been made by the district court. The uniform course, from the earliest period, has been to make the appeal in open court, apud acta, before the adjournment of the court. This course of practice is equivalent to a rule of the court; and must be considered as directory to all parties. Wherever a desire for further time to consider of an appeal has been asked for, it has been readily acceded to by an adjournment of the court for this purpose. If I were to grant the petition in this case, it would be assuming the right to regulate the proceedings of the district court in a matter plainly within its general jurisdiction and authority. The decision of the district judge is in conformity to the general practice. No evil has hitherto grown out of it; and I do not feel myself at liberty to disturb it. If any inconvenience should arise, it can easily be obviated by a special application to, or a general rule of, the district court. Petition dismissed.

---

## Case No. 10,353.

### NORTON v. SHELBY CO.

[Cited in Kelly v. Milan, 21 Fed. 862. Nowhere reported; opinion not now accessible. The decree of the circuit court was affirmed by the supreme court in 118 U. S. 425. 6 Sup. Ct. 1121.]