WILLIAM J. MINOR, AND CATHARINE HIS WIFE, PLAINTIFFS IN ERROR, v. SHUBAL TILLOTSON.

The distinction between writs of error and appeals cannot be overthrown by an agreement of counsel in the court below, that all the evidence in the cause shall be introduced and considered as a statement of facts.

THIS case was brought before the court at the last term, on a motion to dismiss, and is reported in 1 Howard, 287.

The position of the case is sufficiently set forth in that report. It now came up on a final hearing.

*Walker*, for the plaintiffs in error, examined the title of the plaintiffs as set forth in the papers in the cause, and contended for its superiority over that of the defendant.

*Webster*, for the defendant, referred to the decision in 1 Howard, and said that it was quite evident that there was no error of law apparent on the face of the record. There is no ruling of evidence, no demurrer, no bill of exceptions, no agreed state of facts, no special verdict. Nor is it like any of those cases in which the court has acted on undisputed evidence, in cases from Louisiana, as if such undisputed evidence were equivalent to an agreed state of facts.

The whole case, law and fact, was submitted to the judge, as a referee or arbitrator. The law was disputed, and the facts were disputed; and whether judgment was rendered on the facts or on the law does not appear. The judgment is general, for the defendant. It is plain that this court cannot revise this judgment, without examining all the evidence, plan, depositions, surveys, &c., just as they would be examined by a jury.

For any thing which the record discloses, every point of law may have been decided in the plaintiff's favour.

Mr. Justice McLEAN delivered the opinion of the court.

This case is brought here by a writ of error, to the Circuit Court for the eastern district of Louisiana.

The action was commenced in the Circuit Court, to recover possession of certain tracts of land specified in the petition, and for damages, &c.

The defendant set up a title to the premises and pleaded prescription, under the various laws of Louisiana.

This cause was before this court at January term, 1833, on a writ of error, and was reversed and sent down for further proceedings. In the court below, the death of the plaintiff was suggested, and a supplemental petition was filed, making his heirs and representatives parties to the suit. The pleadings were amended, and a jury being called and sworn, evidence was heard by them, and certain exceptions taken to its admissibility by the defendant. But afterwards, by consent of parties, the jury, before they rendered their verdict, were discharged. The cause was then submitted to the court, under an agreement between the counsel, that "the documents filed in the cause, the plans, and written depositions, contain all evidence and exhibits on which this cause was tried by the court; the whole was read, subject to all legal exceptions except as to the form of taking the verbal testimony; and all other objection to the testimony, accounts, and plans, are to be argued as though the bills of exceptions were drawn out in form, signed and filed. The agreement is made for a statement of the facts in the case."

A large mass of evidence was received from both parties, consisting of concessions and grants under the Spanish government, intermediate conveyances, documents showing proceedings in regard to the title under the laws of the United States, and parol testimony, involving a great variety of facts, on a consideration of all of which a judgment was rendered by the Circuit Court for the defendant.

From the record, it is impossible for this court to say on what grounds of law or fact the Circuit Court gave judgment. No point as to the admissibility or effect of the evidence was raised on the record by the plaintiffs in error in the Circuit Court. It seems to have been supposed that the above agreement of the counsel, that the evidence in the cause should be considered as a statement of facts, subject to all legal objections, though no objections were stated, was sufficient ground for a writ of error on which a revision of the legal questions in the case might be made in this court.

In this view, the writ of error must be considered as bringing all the facts before this court, as they stood before the Circuit Court. And this court, exercising a revisory jurisdiction, would be required to try the cause on its merits. This is never done on a writ of error, which issues according to the course of the common law. Under the Louisiana system a different practice may prevail. But, we had supposed, that since the decisions of the case of Parsons v. Bedford et al., 3 Peters, 445, there could be no misapprehension in regard to the

proceedings of this court on a writ of error. In that case, the court say, " it was competent for the original defendant to have raised any points of law growing out of the evidence at the trial, by a proper application to the court; and to have brought any error of the court in its instruction or refusal, by a bill of conceptions, before this court for revision. Nothing of this kind was done or proposed. No bill of exceptions was tendered to the court, and no points of law are brought under review." And the court go on to consider the effect of the act of 1824, in regard to the Louisiana practice, and hold that that law does not change the exercise of the appellate power of this court.

The case referred to had been tried by a jury, but in regard to the revisory power of this court, on a writ of error, there is no material difference between that case and the one under consideration. In both cases the facts were upon the record, and this court were called upon to determine the questions of law arising upon the facts.

In the case of Parsons the court do say, " that if the evidence were before them it would not be competent for the court to reverse the judgment for any error in the verdict of the jury." And they say, the refusal of the court, to direct the evidence to be entered on the record, as required under the Louisiana practice, was not matter of error.

Whatever opinion, therefore, may have been entertained in regard to the effect of the act of 1824, on the practice of the Circuit Court of the United States, in Louisiana, before the above decision; after it, there would seem to be no ground for doubt. The practice of the Circuit Court in Louisiana, since the above case was decided, has conformed to the rule laid down in that case. But in the present cause, there is no statement of agreed facts. If the case be revised on a writ of error, the evidence on both sides must be considered and weighed by the court, as a jury would consider and weigh it; and after adjusting the balance, the principles of law, not as they were presented to the Circuit Court, but as they may arise on the evidence, must be determined. This is not the province of a court of error, but of a court of chancery on an appeal from the decree of an inferior court. On such a review, not only the competency of the evidence must be decided, but also the credibility of the witnesses.

The case under consideration was a proceeding at law, and, as the legal points have not been raised by a bill of exceptions, in the Circuit Court, it is not a case for revision in this court. A judgment of

Taylor et al. *v.* Savage's Executor.

affirmance is, therefore, entered, at the costs of the plaintiff in error.

### ORDER.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States, for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, It is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby affirmed with costs.