## Case No. 15,214.

UNITED STATES v. The GLAMORGAN.

[2 Curt. 236.] 1

Circuit Court, D. Massachusetts. May Term. 1855.

### APPEAL.—WHEN TO BE TAKEN.

1. After a final decree has been made by a district court, sitting in admiralty, and the court

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

has adjourned without day, the decree cannot be set aside, or opened so as to allow an appeal to the circuit court, a term whereof has intervened since the decree was made.

[Cited in The Major Barbour. Case No. 8,984; The Lizzie Weston, Id. 8,425; Snow v. Edwards, Id. 13,145: French v. Stewart. 22 Wall. (89 U. S.) 245; Bronson v. Schulten. 104 U. S. 416; Allen v. Wilson. 21 Fed. 884; The Brantford City, 32 Fed. 325.]

2. If an appeal from such a decree be not taken to the term of the circuit court. held next after the making of the decree, the right is lost.

[Cited in The Oriental, Case No. 10,570.]

In admiralty.

Mr. Hallett, Dist. Atty., for the United States.

CURTIS, Circuit Justice. This was a libel of information for a forfeiture of the brig, by reason of her employment in the slave-trade. The district court decreed a forfeiture and sale of the vessel and cargo [Case No. 5,472], and on a return of the warrant of sale, and payment of the proceeds into the registry, at the September term, 1854. made a final decree, distributing the net proceeds equally between the United States, and the commander, officers, and crew of the brig Perry, a public armed vessel of the United States. who made the seizure of the Glamorgan, and ordering each moiety to be paid out of the registry accordingly; and it was paid. one moiety to the United States, and the other to the proctor of the private persons interested. Subsequently, the secretary of the navy not being satisfied of the correctness of this distribution, the district-attorney. at the following December term of the district court, applied to the judge to re-examine so much of the decree as made distribution. The judge heard the attorney, and upon that, made an entry on the record. that. having examined the order, and considered the same, he was of opinion it was correct. and therefore does not revoke or alter the same. An appeal was then claimed by the United States. and disallowed; and the question now is, whether the appeal should have been allowed? The 21st section of the judiciary act of 1789 (1 Stat. 83) allows an appeal from final decrees of the district court to the next circuit court to be held for such district. The final decree in this case was made on the 8th of September, 1854. The next term of the circuit court, held in this district. was on the 15th of October. 1854. This appeal was not claimed until the December term of the district court. and could not then be allowed, because it was too late to take an appeal to the term of the circuit court held next after the entry of the final decree. See Montgomery v. The Betsy [Case No. 9,734); Norton v. Rich [Id. 10,352]; U. S. v. Certain Hogsheads of Molasses [Id. 14.766].

But it is argued. that the final decree was opened. at the December term, on motion of the district-attorney; and that the right of appeal is to be considered as thereby re-

vived. or a new right created. Without intending to give any opinion as to what it was fit for that court to do, in respect to hearing an argument on that motion, and without knowing what it would have done, if it had come to the conclusion that the order of distribution was erroneous, I am of opinion that it is not in the power of the district court to open, or set aside a final decree, regularly entered at a former term of the court, and thereby confer a new right of appeal upon a party, or revive a right lost by lapse of time. The power of a court of admiralty over its final decrees, except in the cases provided for in the fortieth rule, made by the supreme court to regulate the practice in admiralty, is somewhat unsettled. It has been very little discussed in England, and until the decision of Doctor Lushington in The Monarch, 1 W. Rob. Adm. 21, it cannot be said that any thing respecting it, was determined, though the subject had been before the court of admiralty in the Vrouw Hermina, 1 C. Rob. Adm. 163, and before the court of appeals in The Elizabeth, 2 /..t. 57. See, also, The Herstelder, 1 C. Rob Adm. 119, note; The Fortuna. 4 C. Rob. Adm. 278; The Flora, 1 Hagg. Adm. 298, 304. It was discussed by Mr. Justice Story in The New England [Case No. 10,-151]. In the case of The Monarch, Dr. Lushington held, that the high court of admiralty had the same power to vary its decrees, before they were enrolled, that were possessed by other courts of equity. So far as I am aware, no court, either of law or equity, has exercised a summary control over its judgments, or decrees, after their enrolment, and after the expiration of the term at which they were entered. In our practice, decrees in the admiralty, as well as in equity, being matters of record, are deemed to be enrolled, as of the term of the court at which they are finally passed. The New England [supra]; Dexter v. Arnold [Case No. 3,856]; Whiting v. Bank of U. S., 13 Pet. [38 U. S.] 6, 13. And after a final decree has been drawn up and entered, and the court has adjourned without day, no further control can be exercised by the district court over it, save by force of the fortieth rule, already mentioned, or by a libel of review, respecting which I give no opinion.

In the case of The New England, Mr. Justice Story speaking of such a case, says: "There could be no appeal; and the mode of redress must have been, if any, by a libel of review," which he proceeds to consider. In Washington Bridge Co. v. Stewart. 3 How. [44 U. S.] 424, the supreme court disclaimed all power to change its decrees after the expiration of the term at which they are entered. And in Bank of U. S. v. Moss. 6 How. [47 U. S.] 31, it was held, that the circuit courts could not set aside a judgment of a former term on motion, even for want of jurisdiction. A district court, sitting in admiralty, is within the same rule.

My judgment is, that the claim of an appeal was rightly disallowed by the district court; that this court has no jurisdiction over the case, and can pronounce no opinion on the merits.