## Case No. 2,564.

### The C. F. ACKERMAN.

[14 Blatchf. 360.] [1]

Circuit Court, E. D. New York. Dec. 21, 1877.

ADMIRALTY PRACTICE—SUMMARY JUDGMENT AGAINST SURVIVING STIPULATOR.

In a suit in rem against a vessel, brought in the district court, the vessel was discharged from custody, in that court, on a stipulation for value. On appeal, a decree was rendered by the circuit court for the libellant, with a direction that the two stipulators for value pay into that court the amount of such stipulation. One of the stipulators having died, the libellant applied for the entry of a summary judgment

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

against the other stipulator, for the amount of the decree, and for execution against him. It was objected, that the libellant had not exhausted his remedy against the claimant of the vessel, and that the death of the one stipulator defeated the right of the libellant to execution against the survivor: *Held*, that the application must be granted.

[In admiralty. Libel by the owners of the brig Homely to recover of the C. F. Ackerman damages arising from a breach of contract of towage. There was a decree for libellants in the district court (Case No. 2,-562), and the claimants appealed, to the circuit court, where its decree was affirmed (case unreported). The libellants now seek a summary judgment against the stipulators in the district court.]

Scudder & Carter, for libellants.
Butler, Stillman & Hubbard, for claimants.

BENEDICT, District Judge. This is a proceeding in rem, which has been carried by appeal from the district to the circuit court, and there decided in favor of the libellants. While the case was in the district court, the vessel was discharged from custody, upon a stipulation for value, which stipulation, accordingly, took the place of the vessel. Upon the determination of the case in the circuit court, it was there ordered, adjudged and decreed, that, in pursuance of the terms of the stipulation for value herein, given on the discharge of said steam tug from custody herein, Thomas Kenny and Erick P. Lindahl, the stipulators named therein, pay into this court the amount of their stipulation, and that the libellants have execution to enforce this decree. The libellants, now, upon proof of failure to pay the decree and of non-performance of the stipulation, upon due notice, ask for a summary judgment against Erick P. Lindahl, one of the stipulators for value, for the amount of the decree, and for execution against him to collect the amount. In opposition to the motion Lindahl appears and objects, upon the ground, that it does not appear that the libellants have exhausted their remedy against the claimants. The answer to the objection is, that the proceeding is in rem, and the libellants' right to proceed against the stipulators, upon the stipulation for value, became perfect upon the rendition of the decree. The stipulation for value represents the vessel, and the stipulators, by reason of their stipulation, are liable to a summary judgment against them, without other proceedings had, and without regard to the solvency of the claimants, or to any liability of the claimants, by reason of their intervention, if any such liability exists.

The only other question presented is, whether the death of one of the stipulators for value defeats the right of the libellants to execution against the survivor. It is to be observed, that, although the order of the circuit court does not, in terms, direct the entry of a summary judgment against the

stipulators, it adjudges the stipulators liable to pay the amount awarded to the libellants, and authorizes execution to issue against them, in case of default. This order supposes authority to enter a summary judgment upon proof of non-compliance with the stipulation, and, such proof being made, requires the entry of judgment and the issuing of execution thereon. The right to give summary judgment upon a stipulation in admiralty has been long recognized, not only by the district courts, but also by the circuit courts, where such judgments have often been entered. It has also been recognized by the supreme court of the United States. This right appears to be expressly conferred, in actions in personam, by admiralty rules 3 and 4, of the supreme court, and the right to such a judgment, in actions in rem, is given by rule 66 of the district court of this district, under which rule the stipulation in question was taken. To the same effect is rule 144 of the district court for the southern district of New York, where that rule has been in existence and acted upon for many years. I do not doubt, therefore, the power of this court to direct the entry of a summary judgment upon the stipulation for value given in this case, against the surviving stipulator, who, by the terms of the stipulation, has made himself liable to pay the full amount of the decree. It is no answer to the engagement of such a stipulation, for him to say that another person, at one time bound with him, is now dead. What might be the libellants' rights against the estate of the deceased stipulator need not be considered, as the present application is only for a judgment and decree against the surviving stipulator.

The motion is granted.