THE STEAMBOAT ZEPHYR, *vs.* D. M. BROWN & JOSEPHINE BROWN.

The degree of fulness and certainty required in the Clerk's certificate of the record authenticated from the lower Court.

In Washington Territory, an appeal from the District to the Supreme Court is taken in suits in Admiralty in the manner prescribed by the *civil law*.

The method of appeal under the *civil law* stated.

The allowance of such appeal by the subordinate Court is necessary, in order to confer jurisdiction upon the Appellate Court; but no particular formality, by which the allowance is made to appear, is required.

In the absence of a rule or statute, such appeal must be taken during the sitting of the Court, or, at least, at the time of sentence.

In the absence of rule, an appeal in Admiralty must be taken to the term of the Appellate Court, next after the term of the District Court, at which the decree was rendered.

Appeal from the Third Judicial District, holding terms at Seattle.

The appeal in this case was sought to be taken in the manner provided by the Civil Practice Act of the Territory, regulating appeals to the Supreme Court. A motion was made to dismiss the appeal, because not taken as required by law, and because of defects in the Clerk's certificate of the record of

the lower Court. The Court, finding the appeal should be taken as at the civil law, and finding the Clerk's certificate insufficient, and stating what the nature and scope of such certificate should be, permitted amendment. Amendment having been made, a motion was made to dismiss, for reasons stated in the opinion of the Court.

*James McNaught* appearing for *Struve & Leary*, Proctors for appellants.

*J. B. & J. S. Allen*, Proctors for appellees.

Motion to strike No. 1.

*Opinion by Greene, Chief Justice.*

Gauged, either by the Civil Practice Act, or by the civil law, the Clerk's certificate to the record in this case lacks fulness. Obviously, it should be broad and clear enough, to show that this Court is put in complete possession of the cause. Distinctly apparent, on the surface of the certificate, should be the fact, that the matter sent up includes all the pleadings, all the proofs—whether testimony or exhibits—all the stipulations, an account or negation of all funds, all the decrees, and also everything filed or done by way of effecting an appeal. In this, the certificate before us is imperfect.

Such an appeal, as is had in admiralty, comes within no rules of practice prescribed in our Territorial statutes. Legislators of the Territory have always been at liberty to provide, but never have provided, the manner of taking it. Our recourse, therefore, is to the civil law. Very few and simple steps, under that law, suffice to work an appeal. Everything that is necessary, is clearly and seasonably to make it appear, upon the files of the Court below and to the opposing party, that an appeal is intended and allowed, and that due security against damage from it has been given, and then to procure the pleadings, etc., to be brought into the higher Court, with an accompanying certificate, showing that they embody the entire case.

Amendment of this certificate will be allowed if desired; otherwise, the motion of appellee will be *granted.*

Motion to strike No. 2.

*Opinion by Greene, Chief Justice.*

In the former motion to dismiss this appeal, the reason

urged was, that the Clerk of the District Court had failed in his certificate to specify that he had sent us all the files and proceedings. Now three new grounds are pressed, namely: 1st—That the record does not disclose any allowance of appeal; 2d—That it does not show that the appeal was taken during the sitting of the District Court; nor at rendition of judgment, and 3d—That it does not show that the appeal was taken to the next term of the Supreme Court.

That the record fails to show these things is clear, and indeed appellant's counsel so admits. He admits also, as we understand him, what we have already on the previous motion held to be true, that this appeal should have been taken according to the practice at the Civil Law. Yet he insists that the omissions of the record do not furnish good cause for dismissal.

Let us have recourse to the authorities to determine how this may be. In Phillips' Treatise on the practice in the United States Supreme Court (p. 48), it is said, that "An appeal allowed, or writ of error served, is essential to jurisdiction," citing *Minor* v. *Tillotson*, 2 How. 392, and *County of Washington* v. *Durant*, Dec. T. 1865. Great weight cannot be accorded this statement, because the first case cited does not appear pertinent, and the second is not in the reports. However, upon searching other books, we gather that no appellate Court will assume jurisdiction until it is first satisfied that an appeal has been allowed by the Judge of the Court below. The allowance seems to have been invariably requisite both in ecclesiastical and admiralty appeals, and was effected by the granting of apostles—literally matter to be *sent* up—from the Judge *a quo*. Short letters dismissory, stating briefly the case and sentence and declaring that the Judge will for further apostles transmit the proceedings, were prepared for him and by him signed. His signature to these constituted his allowance of the appeal. (1 Brown's Civil and Adm. Law, 495; 2 Id. 438). Any particular formality, by which the allowance is made to appear, is not material (*Hudgins, et al.* v. *Kemp, et al.*, 8 How. 530; *R. R. Co.* v. *Bradleys,* 7 Wall. 575; Phillips' Pr. 47); and the allowance may even be sufficiently evidenced by

an agreement of parties in the appellate Court to the fact (*The Steamboat New England*, 3 Summ. 495, 509); yet actual allowance is regarded as essential, and mandamus will, therefore, lie to compel it where improperly refused. (*The Steamboat New England, supra,* 497, 509; *Mussina, et al.* v. *Cavazo, et al.*, 20 How. 280; 2 Abb. U. S. Practice, 239). Latitude exists as to proof of allowance, but none as to allowance itself (*U. S.* v. *Haynes, et al.*, 2 McLean, 155).

Let us next turn to the question of the time within which an appeal must be taken. Where there are neither rules of Court nor statutes to govern, it seems that in this country, the appeal must be taken during the sitting of the Court granting the decree, or at least *apud acta,* i. e. *among the things done* at the time of sentence. (*Norton* v. *Rich,* 3 Mason, 443; *The Steamboat New England, supra.*) Even were the mode of taking an appeal from a definitive sentence, within ten days, by writing, before a notary, in vogue in the United States, the appeal here would be bad, as neither taken in that mode nor within that time.

So far we have discussed only the first two grounds of the motion. Either of them we think constitutes a good reason for dismissing this appeal. Each is well founded in authority and is plainly decisive. Leaving them, we come to the third.

In the absence of rules to the contrary, we are of opinion that an appeal must be taken to the next term of the appellate tribunal, holden subsequent to entry of the sentence. Good faith demands, that the appellant prosecute with diligence. Having an appellate court provided to hear him at an early day, he should seize the day and not keep his adversary in waiting. This agrees with the practice in appeals from the district to the circuit courts of the United States, under the 45th Supreme Court Rule, and though such appeals are not strictly analogous to appeals from a District to the Supreme Court, in this Territory, and that rule is therefore of questionable application, we regard the procedure upon them as indicative of a practice fitting for us to follow.

Motion granted.