THE BRANTFORD CITY.[1]

HATHAWAY v. THE BRANTFORD CITY.

(*District Court, S. D. New York.* June 29, 1887.)

1. ADMIRALTY—PRACTICE—SECURITY ON APPEAL.
    On appeal from the district court to the circuit court it is not necessary for an appellant, who has given security on the release of the vessel, to give a new stipulation for the whole amount of the decree and costs. New security to cover the damages for delay, and the costs and interest on the appeal, is sufficient. A rejustification of the sureties on the original stipulation will, however, be ordered, if reasonably required.
2. SAME—BOND TO MARSHAL.
    *It seems* that in the case of a bond to the marshal a new bond on appeal, for the whole amount, may be required.

*North, Ward & Wagstaff*, for libelant.
*Wheeler & Cortis*, for claimants.

BROWN, J. The decree in this case, in favor of the libelant, is for the sum of $40,000, besides costs. Upon the arrest of the vessel at the time of the commencement of the action, that sum was taken as the agreed value, and a stipulation in that amount, with sureties, was given by the claimants, pursuant to the tenth and eleventh rules of the supreme court in admiralty. Upon appeal from the decree of this court to the circuit court, the question now presented is whether the defendant, in order to stay execution, shall be required to give new security for the whole amount of the decree and costs, or security only in an amount sufficient to secure "just damages for delay, and the costs and interest on the ap-

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

peal," upon the analogy of the twenty-ninth general rule of the supreme court. That rule provides only for "*supersedeas* bonds in the circuit courts." It does not expressly embrace appeals from the district court to the circuit court, although it covers admiralty causes in which security for the value of the property arrested, as in this case, will be in the custody or control of the appellate court. Since the promulgation of this rule in 1867, and its reaffirmance in the case of *Jerome* v. *McCarter*, 21 Wall. 17, there is no question that, upon an appeal from the circuit to the supreme court, the additional security required would only be for the "damages of the delay, with costs and interest on the appeal."

There has not been, so far as I am aware, any statutory provision to regulate either the *mode* of appeal from the district court to the circuit court, or the *security* to be given in order to stay execution upon such appeals in admiralty causes. *Norton* v. *Rich*, 3 Mason, 443; *The Glamorgan*, 2 Curt. 236. All the statutory provisions upon these points, beyond merely authorizing an appeal upon decrees for a certain sum, are confined to appeals to the supreme court. Rev. St. §§ 1000, 1012; Judiciary Act 1789, (1 St. at Large, p. 83, § 21;) Act March 3, 1803, § 2, (2 St. at Large, 244.)

Upon such appeals every judge signing the citation is required to take "good and sufficient security to answer all damages and costs, where the writ is to stay execution." In the absence of any statutory regulations, BETTS, J., under the general power of the court to regulate its own practice, prior to 1838, formulated rule 152 of this court, providing that, when an appeal should be entered, the appellant "shall, within 10 days thereafter, give security for damages and costs," in order to stay the execution of the decree. This rule was in evident analogy to the statutory requirements upon an appeal from the circuit to the supreme court. Under this rule the practice in this court was the same as the practice in the circuit court under the statutes above cited. By repeated decisions of the supreme court, up to the year 1867, that practice required new security to be given upon an appeal for the whole amount of the decree, without reference to any security previously given.

In the case of *Rubber Co.* v. *Goodyear*, 6 Wall. 153, a different construction from what had formerly prevailed was given to the language of the statute requiring security for "all damages and costs." It was then held that any security previously given, and under the control of the court, ought to be taken into account in determining what additional security should be deemed "sufficient for the costs and damages" upon appeal. Rule 29 was at that time promulgated, expressly declaring that, upon *supersedeas* bonds in the circuit court, "when property was in custody under admiralty process, or the proceeds, or a bond for the value thereof under the control of the court, indemnity in all such cases is only required in an amount sufficient to secure just damages for delay, and costs and interest on the appeal." Upon elaborate argument in the case of *Jerome* v. *McCarter*, 21 Wall. 17, the supreme court refused to modify this rule, and the equity of its provisions was reaffirmed.

These decisions do not, in strictness, embrace the practice in this court;

because neither the twenty-ninth rule, nor the statutory provisions, expressly includes appeals from the district court. But as rule 152 was based upon the analogy and the equity of the statute, and designed to assimilate the practice in both courts, the reasons for the twenty-ninth rule, and the decisions of the supreme court in construing the application of the phrase "damages and costs," as well as consistency in practice, would seem to require a corresponding modification of the practice, and of the interpretation of the same words in the rules of this court. In the English practice new security for the whole amount was required upon appeal for the reason that "the sureties below are not bound in the cause on appeal." The same reason is assigned in Clarke, Pr. tit. 59. See 2 Brown, Civil & Adm. Law, 437; Hall, Adm. Pr. 108, 109; Dunl. Adm. Pr. 322.

By the tenth and eleventh rules of the supreme court in admiralty, stipulations for the release of property under arrest must require the parties to abide by and pay the money awarded by the final decree rendered by the court, *or appellate court*, if any appeal intervenes; and such is the stipulation given in this case. The general rules in admiralty were promulgated under the act of August 23, 1842, (5 St. at Large, 518,) some years after rule 152 of this court, before referred to. Supreme court rule 10 provides expressly that the security given shall run to the appellate court as well as to the court below. There is no other rule of the supreme court on this point.

There is no question that stipulations which are given under these rules, and which in terms agree to pay the amount awarded in the appellate court, are as available in the appellate court as in the district court. The reason given in the ancient practice for requiring new security on appeal no longer exists in such cases. Such seems to be the intimation of Judge CONKLING in his Treatise, (Adm. 387, 405.) The very stipulation itself, so long, at least, as the sureties are responsible, is a continuing security, and seems so far to answer the requirements of the rule. For the rule does not require security for the amount of the decree and costs, but only for "damages and costs." If the vessel had remained in custody until the appeal were perfected, she would be released upon the same security that already exists, and the additional security required would be for the delay and costs only. The bond already given goes into the circuit court with precisely the same effect. So, also, a new bond for the whole amount, with the same sureties, could not be rejected, if the sureties are responsible. To give a new stipulation, with the same sureties, would be an idle form, except for the purpose of a new justification; and a rejustification of the old sureties may be ordered upon the reasonable demand of the respondent, as a condition of accepting the existing bond *pro tanto*. If the old sureties are unable or are unwilling to justify anew, a new bond for the whole decree should be executed.

The court will at all times sedulously endeavor to protect the parties from loss through insufficient security; but this, I think, should be done by the care and scrutiny exercised upon the acceptance of sureties, and in their justification, rather than in the duplication of bonds or stipula-

tions for the same thing. Considering the long time that often elapses after the release of the vessel from arrest at the time of the commencement of the action until the appeal, a rejustification of the sureties will be ordered as a condition of their acceptance, if reasonably required; but, if the sureties are entirely satisfactory, the existing stipulation, which runs in terms for payment in the appellate court, should be accepted as far as it goes. Bonds given to the marshal under the act of 1847 do not, in terms, provide for the payment of the decree in the appellate court, but only to abide and answer "the decree of the court" in such cause. In such cases it may be necessary to take a new bond for the whole amount. I do not pass upon that question now.

In the present case, if the sureties in the existing stipulation are approved, additional security for $7,000 will be sufficient to cover the damages and costs in the circuit. Should an appeal be taken to the supreme court on an affirmance by the circuit court, the additional delay will be then provided for by the requirement of still another bond.