## SMITH v. PENDERGAST.

(District Court, S. D. New York. June 24, 1897.)

PRACTICE—BOND ON APPEAL—DISMISSAL OF APPEAL—SURETIES LIABLE.

In December, 1882, the defendant, on appeal from a judgment in personam, executed a bond with sureties "to prosecute such appeal with effect and pay all damages and costs awarded against him as such appellant," etc. After various vicissitudes, including the appellant's bankruptcy and assignment, the death of the proctors on each side, and the appellant's death in 1890, no return of the record to the circuit court having been made, the respondent on motion procured a dismissal of the appeal, and the order entered in the circuit court directed that "the cause be remitted to the district court for final proceedings." To a motion for summary judgment thereupon against the sureties on the bond in the district court, it was objected that the bond did not provide for a payment by the

sureties in case of dismissal; that summary judgment upon the bond could not be had, or if so, the libelant's laches should preclude any recovery. *Held*: (1) That the provisions in the condition of the bond were distinct, and that the bond became operative against the sureties upon the failure of the appellant to "prosecute the appeal with effect" by procuring a return of the record as required by the rules; (2) that upon the remittitur filed, the district court was the appropriate one to enforce the bond; and that the admiralty practice warrants a summary proceeding against the sureties in such cases by order to show cause, upon which every legal and equitable defense available to the sureties can be examined and adjudged as fully as upon a plenary action: (3) that on its appearing that there had been no part payment, the laches were equal on each side, and did not debar summary proceedings on the judgment.

Franklin Leonard, Jr., for libelant.

Benedict & Benedict, for sureties.

BROWN, District Judge. On the 10th of November, 1882, the libelant obtained a judgment against the defendant as owner of the bark "Thomas Fletcher," for seaman's wages, amounting with interest and costs to $190.12. On the 2d of December, 1882, a notice of appeal to the circuit court was filed, and at the same time an appeal bond was filed to stay execution, which was executed by the above-named defendant as principal, and by George Bell and Charles F. Elwell as sureties, by which they bound themselves to the libelant in the sum of $380.24, upon condition that the bond should be void if the libelant should "prosecute said appeal with effect, and pay all damages and costs which shall be awarded against him as such appellant, if he should fail to make said appeal good."

The return of the record to the circuit court not being procured to be made by the appellant as required by the rules, various motions succeeded, with orders of the circuit court granting time; but the conditions of those orders were not complied with, and no return of the record to the circuit court was ever filed.

On the 17th of March, 1883, the defendant, Pendergast, became insolvent and made an assignment of his property, and subsequently the defendant's proctor died. In March, 1887, the libelant's proctor died, and Pendergast, the defendant, died in March, 1890.

In ———, 1896, the libelant employed a new proctor to bring the litigation to a close, and in August upon notice to the sureties the appeal was dismissed in the circuit court for failure to procure the return, without costs; and upon a resettlement of the order on the 14th of November, 1896, the circuit court directed that "the cause be remitted to the district court for final proceedings." Upon the filing of a certified copy of this order in the district court, application was made for a summary judgment against the sureties in the bond upon an order to show cause, according to rules 21, 57 (Old Rule 144); on which order the application for judgment was strenuously opposed by the proctors for the sureties, on the grounds, that the bond could not be proceeded on in this court; that the bond does not provide for any payment in case of a dismissal of the appeal, but only for the payment of the damages and costs awarded by the appellate court on the appeal, none such being there awarded; that proceedings could not be had summarily, because the bond contains no clause to that effect; and finally, be-

cause the great laches of the libelant on the appeal should preclude any recovery against the sureties.

The affidavits presented on the above motion not giving any very satisfactory explanation of the long slumber of the appeal, nor showing on the other hand any payment of the judgment, in order to give opportunity for proof of any facts affecting the equities of the parties, or explaining the long pendency of the appeal, a reference was ordered to a commissioner, on which both parties have given evidence. From the commissioner's report it appears that no part of the judgment has ever been paid, and that there is no recognizable legal or equitable defense against the liability of the sureties upon their bond.

Upon exceptions to the report, and application by the libelant for summary judgment and execution against the sureties, the above objections are renewed; but upon consideration I cannot sustain any of them.

1. The appeal bond should be enforced in this court. When the cause was remitted by the circuit court to this court for final proceedings, and the order to that effect was filed in this court, the bond on appeal followed the cause into this court, and must be enforced here, if at all. The Wanata, 95 U. S. 600, 618.

2. The first clause in the condition of the bond has been broken, for the reason that the appellant "did not prosecute the appeal with effect," as therein provided. To prosecute the appeal with effect, it was necessary that the appellant should procure a return of the record of this court to be filed in the circuit court. See The Brantford City, 32 Fed. 324. The appellant having failed to do this, the obligation of the bond stands good; and the legal damages for this breach of the first clause in the condition of the bond are the amount of the judgment and interest, not exceeding, however, the penalty of the bond.

It is urged by the counsel for the sureties, that the condition of the bond, that the appellant "shall prosecute the appeal with effect and pay all damages and costs which shall be awarded against him as such appellant if he should fail to make said appeal good," are in effect but one single condition; and that the first clause is identical in meaning with the last. If this construction were correct, the words "prosecute said appeal with effect" would be mere surplusage. The counsel's contention is really to that effect, since it is claimed that no damages can be recovered upon this bond because the court of appeals has not awarded any damages by reason of the dismissal of the appeal.

I cannot so construe the condition of this bond. On the contrary the words "shall prosecute said appeal with effect" constitute a distinct clause, and are intended to cover precisely the case which has arisen here; namely, to prevent an appellant who takes an appeal from procuring any stay of proceedings during the time allowed for procuring a return without giving security therefor. To allow such a stay without security would be wholly contrary to the policy of the law, and to the ordinary practice. The words of this clause are adapted to this object; and it would be a most unreasonable construction to treat them as surplusage, so as to allow a temporary stay without any security at all, during which time, as happened here, the defendant might become insolvent.

The second clause of the bond provides for the case in which the appellant does prosecute his appeal with effect, by bringing the cause properly before the appellate court; and in that case it is agreed that the appellant shall pay all damages and costs awarded against him, if he shall fail to make his appeal good, that is, if he is not successful on his appeal.

In the case of Drummond v. Husson, 14 N. Y. 60, Selden, J., comments upon the form of an appeal bond formerly required by the Revised Statutes of New York, in order to stay proceedings (2 Rev. St. p. 595, § 28), which, though not identical, was very similar to the form of the present bond. "The condition of the bond," he says, "consisted of three branches; if the party either fail to prosecute, or the writ should be quashed or discontinued, or the judgment should be confirmed. These three contingencies, upon the happening of either of which the obligation to pay was to attach, are obviously entirely distinct." They are distinct here; and considering the object of the bond, namely, to stay execution on the judgment, and that that object was thereby attained, there can be no doubt that the proper rule of damages for the breach of this first condition of the bond is the amount of the judgment, with interest, not exceeding the penal sum of the bond. It is the same rule of damages that is expressly stated in the second clause of the bond for the breach of that clause.

3. The libelant is also entitled to proceed summarily against the sureties, although that provision is not expressly inserted in the bond. He is not driven to a plenary suit upon the bond by a new action.

In the admiralty practice, proceedings upon bonds or stipulations have always differed from the proceedings on bonds in the common-law courts, in being summary; and in this country these proceedings have usually been upon order to show cause.

See Sup. Ct. Rules Adm. Nos. 3, 4, 21; Dist. Ct. Rules S. D. N. Y. 21, 57 (Old Rule 144); Holmes v. Dodge, Abb. Adm. 60, Fed. Cas. No. 6,637; Gaines v. Travis, Abb. Adm. 422, Fed. Cas. No. 5,180; The C. F. Ackerman, 14 Blatchf. 360, Fed. Cas. No. 2,564.

Under this order to show cause every defense, legal or equitable, is ordinarily available to the sureties, that they might obtain in the defense of a plenary suit on the bond. Every substantial right is thus secured; while the delays incident to an independent suit on the bond are justly avoided. The proceedings in the case of The Blanche Page, 16 Blatchf. 1, Fed. Cas. No. 1,524, upon the mandate of the supreme court, upon a bond given on appeal from the circuit court to the supreme court, are in all respects analogous to the present case, in the allowance of a summary judgment against the sureties upon an appeal bond precisely similar in form to the bond in this cause.

Full opportunity having been given to the sureties in this case, and no cause being shown in law or equity, why they should not perform the engagement of the bond, judgment should be entered against them for the payment of the judgment entered on the mandate of the circuit court of appeals, but not exceeding $380.24, the penal sum named in the bond.

4. It appearing that there has been no payment, and nothing more than mere delay on the libelant's part to procure a dismissal of the

pending appeal until 1896, there are no more laches on the respondent's part than on the part of the appellant, or his representatives; and the sureties, who are in privity with him as respects the appeal, can no more claim a discharge from their bond on account of the long pendency of the appeal, than the appellant could claim that the original judgment was discharged for the same reason.

Judgment may be entered as above with execution thereon.