## In re IVES et al.

### (District Court, E. D. Michigan. August 1, 1901.)

BANKRUPTCY—JURISDICTION OF COURT—SETTING ASIDE ADJUDICATION.

The settled rule that federal courts have no power to set aside their judgments, decrees, or orders unless steps to that end are taken during the term at which such judgment. decree, or order was entered is applicable to bankruptcy proceedings, except in case of an application for the revocation of a discharge, which is expressly provided for by Bankr. Act 1898, § 15; and a court of bankruptcy is without jurisdiction to entertain a petition to set aside an adjudication which was not filed until several terms had intervened since the adjudication was made.

In Bankruptcy. On petition of Adolph Feldheim and Leo M. Butzel to dismiss and vacate the adjudication made herein.

Elliott G. Stevenson and Leo M. Butzel, for petitioners.

Henry A. Harmon and T. A. E. Weadock, for respondents.

SWAN, District Judge. The adjudication of bankruptcy in this cause was made September 11, 1900, upon voluntary petition duly verified and signed by Butler Ives and Albert Ives, Jr., and by Albert by his attorney in fact, Mary Ives Cowlan. Albert Ives died March 20, 1901. The petition in this cause was filed June 7, 1901, and alleges that at the time of the adjudication Albert Ives, one of the bankrupts, was incompetent to transact business, and had been for some time before the filing of the petition; that his name was signed thereto by a person who represented herself to be the attorney in fact of said Albert Ives; that said Albert Ives never executed any power of attorney, or conferred any authority upon any person to sign said petition; and that a fraud was committed upon the court in applying for and obtaining an adjudication of the firm of Albert Ives & Sons, which said firm was composed of said bankrupts. The petitioners, Feldheim and Butzel, represent that they are creditors of said bankrupts, and were such prior to and at the time of the adjudication had in this cause, and that they have a right to intervene for their interest, and are entitled to have said adjudication vacated and set aside. To this petition the respondents, Henry A. Harmon, trustee of the bankrupts, and Albert Ives, Jr., administrator of the estate of Albert Ives, have demurred, and have filed a plea to the allegation of the petition denying the existence of the power of attor-

ney. The verified plea sets forth the original power of attorney given by said Albert Ives, which in express terms authorizes the signature by the attorney in fact of any petition which might be filed in behalf of said firm of Albert Ives & Sons in proceedings in bankruptcy.

The first ground of the demurrer challenges the jurisdiction of the court to grant the relief prayed, because several terms of the district court had elapsed before the filing of said petition. This ground of the demurrer is well taken. In Phillips v. Negley, 117 U. S. 673, 6 Sup. Ct. 904, 29 L. Ed. 1014, Mr. Justice Miller, who delivered the opinion of the court, says:

"It is a general rule of the law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court; but it is a rule equally well established that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them. * * * So strongly has this principle been upheld by this court, that, while realizing that there is no court which can review its decisions, it has invariably refused all applications for rehearing made after the adjournment of the court for the term at which the judgment was rendered; and this is placed upon ground that the case has passed beyond the control of the court."

In Bank v. Moss, 6 How. 31, 12 L. Ed. 331, it was held that the circuit court could not set aside a judgment of a former term on motion, even for want of jurisdiction. See, also, U. S. v. The Glamorgan, 2 Curt. 236, Fed. Cas. No. 15,214.

The present bankruptcy act expressly authorizes the revocation of a discharge in bankruptcy for fraud, but it contains no provision which modifies in any degree the rule of law stated in the cases cited, which rule is applicable to all federal courts in all branches of jurisprudence which they administer. The express authority to revoke a discharge for fraud, and the absence of any provision authorizing the court to vacate an adjudication after the lapse of the term, is a strong implication that it was not the intention of the bankruptcy act to vest the courts of bankruptcy with any power to disturb its decrees after the lapse of the term in any other than the excepted case mentioned.

Without passing seriatim upon the other grounds of demurrer, it is sufficient to say that, on the face of the petition, the petitioners are chargeable with laches in seeking the relief now asked. It appears from the petition that petitioners knew of the adjudication entered herein as early as October 11, 1900 (that is, at the same term at which the adjudication was made), and that Henry A. Harmon had been appointed trustee of said bankrupts. They might then have sought the relief now asked, and it would have been competent for the court, for cause shown, to have entertained their petition, if filed in that term, or at the next term on leave granted during the June term. No excuse is shown for the delay, but the petitioners appear to have postponed action without necessity, and with full knowledge of the rights asserted under the adjudication. By Rev. St. U. S. § 572, it is enacted that the terms of the district court of the

United States for this district shall be held on the first Tuesdays of March, June, and November. Two terms have elapsed since the adjudication. The matters alleged in the petition as the basis of the relief prayed may all be conceded, yet the adjudication is not a nullity, but remains in full force and effect, and is conclusive on all parties until reversed. McCormick v. Sullivant, 10 Wheat. 192, 6 L. Ed. 300; Des Moines Nav. & R. Co. v. Iowa Homestead Co., 123 U. S. 552, 8 Sup. Ct. 217, 31 L. Ed. 202; Dowell v. Applegate, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463. The voluntary petition on which the adjudication was had contained the necessary jurisdictional averments to sustain the adjudication. No application was made at the June term to vacate that judgment. It is therefore beyond the power of the court to grant the relief asked. Bank v. Sheffey, 140 U. S. 451, 11 Sup. Ct. 755, 35 L. Ed. 493.

The petition avers, and it was also conceded on the hearing, that Albert Ives, the senior member of the bankrupt firm, died March 20, 1901. His administrator joins in the demurrer to the petition, and objects to the relief it seeks. It may be suggested, without discussion at length, that the right to vacate the adjudication for any infirmity was personal to Albert Ives, the deceased, during his lifetime, and at his death his administrator succeeded to that right. As he has not asserted it, but objects to its exercise, and insists that the adjudication should not be disturbed, it does not seem competent for a creditor of the bankrupt to attack the proceedings at this time. Under section 5, subd. "c," of the bankruptcy act, "The court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners, and of the administration of the partnership and individual property." The petition is not aided by subdivision "h" of section 5, as all the partners have been adjudged bankrupt, and that judgment, for the reasons stated, is not assailable. It fixed the status of the firm. In re Meyer, 39 C. C. A. 368, 98 Fed. 976.

It was candidly admitted on the hearing that the purpose and object of the petition in asking that the adjudication be vacated and set aside is to validate the preference given to Feldheim by the bankrupts within four months before the filing of the petition in bankruptcy under the form of a loan to the bankrupts, but which respondents claim was a mere device to convert the bankrupts' indebtedness for moneys standing to the credit of Feldheim as a depositor on the books of the bankrupts at the time of the filing of the petition into a preferred debt. If the adjudication of September 11, 1900, should be vacated and a new adjudication entered, the lapse of time would validate the claim of Feldheim and Butzel as preferred creditors. There is no equity in the petition, and no power in the court to grant it if there were.

The demurrer is sustained, and the petition dismissed, with costs.