In re HENSCHEL.

(District Court, S. D. New York. May 6, 1902.)

1. APPEAL—DECISION OF APPELLATE COURT—EFFECT.

Where the circuit court of appeals on an appeal in bankruptcy proceedings directed costs and disbursements to be taxed against the respondents, such decision is not reviewable by the district court on a subsequent motion to amend the order directing the entry of judgment.

2. PARTNERSHIP—PROOF.

Where a firm appeared in bankruptcy proceedings, and filed proof of debt, in which a sworn declaration of the persons composing the firm was made by it, such declaration was sufficient proof of the persons

composing the firm to sustain a judgment directing such persons to pay costs and disbursements of an appeal.

3. BANKRUPTCY COURT—JURISDICTION—TERMS—EFFECT OF TERMINATION.

A federal court sitting as a court of bankruptcy is regarded as always open, and does not, therefore, lose jurisdiction to alter or modify interlocutory orders by reason of the termination of the term at which they were entered.

In Bankruptcy. Amendment of order after expiration of term of district court.

See 109 Fed. 861.

Joseph Fried (F. M. Czaki, of counsel), and Black, Olcott, Gruber & Bonynge, for the motions.

Myers, Goldsmith & Bronner, opposed.

ADAMS, District Judge. These are motions on behalf of certain petitioning creditors to amend an order entered herein on the 14th day of February, 1902, by directing the clerk to enter a judgment against Orrill H. Hayes and Lambert Huntington, composing the firm of O. H. Hayes & Co., for the respective sums of $203.03 and $32.95, and that the petitioners have execution therefor, etc.

It appears that the petitioning creditors successfully prosecuted an appeal to the circuit court of appeals from a decree entered in this court on the 3d day of August, 1901, confirming the appointment of a trustee by the referee. In re Henschel (C. C. A.) 113 Fed. 443. In the proceedings in the appellate court costs were taxed against the respondents in favor of the appellants, respectively, in the sum of $203.03 and $32.95. Upon the mandates from the appellate court the costs were accordingly taxed in this court. Subsequently a motion was made in the appellate court on behalf of Hayes & Co. for a resettlement of the orders upon which the mandates were issued, asking that the costs and disbursements of the parties be borne by and paid out of the estate, and that O. H. Hayes & Co. be relieved from any liability therefor, on the ground that they did not participate in any of the proceedings beyond voting in common with many other creditors, and that, if they were obliged to pay the costs and disbursements, their dividend in the estate would be extinguished. It was shown in the opposing affidavits on this motion that O. H. Hayes & Co. were the parties supporting the action of the referee and the court in the appointment of the trustee, and the real respondents in the appeal. The motion for resettlement was accordingly denied.

The purpose of the present motion is to supply an omission of the proper direction to the clerk relative to the judgment entered on the mandates so that the successful creditors can have the benefit of the decisions in the appellate court. The motion is opposed on three grounds: (1) That it is inequitable to compel these creditors to pay the costs of the litigation; (2) that it does not appear on the record who composed the firm of O. H. Hayes & Co., and that such a fact cannot be determined in this motion; and (3) that, as the term of this court during which the order sought to be amended was made ended

the Monday preceding the first Tuesday of March, the court is without power to grant the relief.

1. The question as to the propriety of taxing the costs and disbursements on the respondents in the case has been determined by the appellate court, and its decision is binding here.

2. It appears in the records of this court by the proof of debt filed before the referee on the 14th of May, 1901, that O. H. Hayes and Lambert Huntington composed the firm of O. H. Hayes & Co. No more complete and conclusive proof could be furnished than the sworn declaration of the parties.

3. The question respecting the power of the court, in view of the lapse of time, is more serious. There can be no doubt that courts lose control of their final decrees after the expiration of the term during which they were rendered, unless steps be taken during the term, by motion or otherwise, to set aside, modify, or correct them. Phillips v. Negley, 117 U. S. 665, 673, 6 Sup. Ct. 901, 29 L. Ed. 1013. It is there said:

"In this country all courts have terms and vacations. The time of the commencement of every term, if there be a half a dozen in a year, is fixed by statute, and the end of it by the final adjournment of the court for that term. This is the case with regard to all courts of the United States." 117 U. S. 672, 6 Sup. Ct. 904, 29 L. Ed. 1013.

The terms of this court as a district court of the United States are fixed by statute. It is provided:

"Sec. 572. The regular terms of the district courts shall be held at the times and places following: * * * In the Southern district of New York, in the city of New York, on the first Tuesday in every month." Rev. St. pp. 98, 100.

In the bankruptcy act of 1867 it was provided:

"Sec. 4973. The district courts shall always be open for the transaction of business in the exercise of their jurisdiction as courts of bankruptcy; and their power and jurisdiction as such courts shall be exercised as well in vacation as in term time." Rev. St. p. 962.

In construing this section, the supreme court held in Sandusky v. Bank, 23 Wall. 289, 292, 293, 23 L. Ed. 155:

"A proceeding in bankruptcy, from the time of its commencement by the filing of a petition to obtain the benefit of the act until the final settlement of the estate of the bankrupt, is but one suit. The district court, for all the purposes of its bankruptcy jurisdiction, is always open. It has no separate terms. Its proceedings in any pending suit are, therefore, at all times open for re-examination upon application therefor in an appropriate form. Any order made in the progress of the cause may be subsequently set aside and vacated upon proper showing made, provided rights have not become vested under it which will be disturbed by its vacation."

In the present act the explicit language used in the act of 1867, to the effect that the court shall always be open, is not employed, but I regard the quoted language of Sandusky v. Bank entirely applicable. The present act, in establishing the district courts as courts of bankruptcy, provides that they shall exercise their jurisdiction "in vacation, in chambers and during their respective terms" (section 2); "close estates * * * and reopen them whenever it appears that they were closed before being fully administered" (sec-

tion 2, cl. 8); "set aside discharges and reinstate the cases" (section 2, cl. 12); "make such orders, issue such process and enter such judgments in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this act" (section 2, cl. 15). And it is further provided that "nothing in this section shall be construed to deprive a court of bankruptcy of any power it would possess, were certain specific powers not herein enumerated" (end of section 2), and that compositions may be set aside within six months (section 13), discharges revoked within a year after they have been granted (section 15), allowed claims reconsidered before the closing of the estate (section 57k), and, generally, the powers of the court are such to secure justice, that none other than an imperative, unmistakable, and governing rule should be permitted to operate as a bar to equitable relief. The parties here are actually in the midst of a hotly-contested bankruptcy proceeding, which will doubtless only finally terminate with the distribution of the estate, though the particular phase of the controverted matter relative to the appointment of a certain trustee is finally disposed of. The case of In re Ives (D. C.) 111 Fed. 495, has been cited as an authority for the contention that this court has lost jurisdiction of the matter by reason of the expiration of the term. The question involved there was one of setting aside an adjudication several terms after it was filed, and I do not think the decision affects the matter in hand. This court is in session practically all the time, and I am not prepared to hold that control is lost of its orders with the termination of the first Monday of every month, unless such orders are beyond question the final orders or decrees in the whole case, and thus within the rule which has been invoked.

Motion granted.

Since preparing the foregoing, my attention has been called to the disapproval of In re Ives, supra, by the circuit court of appeals for the Sixth circuit, with respect to this point. 113 Fed. 911.