KARPER (HOOD v.). See Case No. 6,664.

---

## Case No. 7,613.

### KARR v. WHITTAKER et al.

[5 N. B. R. 123.] [1]

### District Court, Tennessee. 1871. [2]

INVOLUNTARY BANKRUPTCY—DEATH OF BANKRUPT —AVERMENT OF—SERVICE OF INJUNCTION—PARTIES.

A. was adjudicated a bankrupt on the petition of creditors. Some time thereafter the brother of the bankrupt filed his petition, alleging that the bankrupt died before the adjudication; that the petitioner had. been served with an injunction restraining him from interfering with, or disposing of, the property of the said bankrupt. This petition was answered by alleging, among other things, that the bankrupt had absconded and that the petitioner and others had undertaken to conceal the property from creditors, and demanding proof of death. The court decided that the petition must be dismissed. That there was no party to a creditor's petition except the petitioning creditor and the bankrupt: that the service of an injunction on any person or any number of persons, did not make them parties to the proceedings, although any one served might, by petition or on motion, have a wrongful injunction

1 [Reprinted by permission.]
2 [District not given.]

dissolved; this, however, did not give him the right to contest or vacate the adjudication, that being a matter in which he could have no interest.

[Cited in Re Bergeron. Case No. 1,342; Re Donnelly. 5 Fed. 785.]

In bankruptcy.

Chas. A. Choate.and H. C. Young, for petitioner.

H. Clay King, with Randolph, Hammond & Judson, for defendants.

TRIGG, District Judge. On the second day of May, eighteen hundred and sixty-eight, the defendants filed a petition against Charles C. Karr, asking an adjudication in bankruptcy against him on the ground, among others, that he had made a fraudulent preference of Wm. Karr in a trust sale for his benefit to one E. C. Law, of the steamboat "Goldfinch," and on the eighth of October, eighteen hundred and seventy, he was adjudicated bankrupt. O. F. Prescott, one of the defendants, was elected assignee, and an assignment was executed by the register. On the twenty-first of March, eighteen hundred and seventy-one, Wm. Karr filed this petition in the district court, alleging the filing of the petition in bankruptcy and the adjudication; that Prescott and the defendants had procured the adjudication fraudulently; that there had been no publication according to the orders of the court, and that before the adjudication, to wit, on the eighth of March, eighteen hundred and seventy, the said Chas. C. Karr had died; that the petitioner had been served with an injunction under the bankruptcy proceedings, restraining him from interfering with or disposing of the property of the said Chas. C. Karr; that he was advised that, being a party to the said petition and having been served with process of injunction, he had a right to file this petition to vacate and annul the said adjudication; that he was further advised that the said adjudication was void by reason of the premises, &c., &c. The injunction referred to in the petition was issued at the time of filing the creditor's petition on the fiat of the judge under the fourth section of the bankrupt act [of 1867 (14 Stat. 519)]. It was addressed to C. C. Karr, and restrained him "and all other persons" from transferring or disposing of any part of the debtor's property. A direction was endorsed on it to the marshal by the creditor's solicitor, to serve it on William Karr and it was so served. This petition was answered. denying fraud and containing counter charges of fraud in the running off of the Goldfinch, and the burning her to obtain policy of insurance; alleging that C. C. Karr had absconded, and that William Karr and others had undertaken to conceal the property from creditors, and demanding proof of death, &c., &c. At the May term, eighteen hundred and seventy-one, of the court, defendant's counsel moved to dismiss the petition on the ground,

among others, that Wm. Karr had no right to file it, not being in privity to C. C. Karr, nor, as he assumed, any party to the original proceedings in bankruptcy.

Held, that the petition must be dismissed; that there was no party to a creditor's petition except the petitioning creditor and the bankrupt; that an injunction under it might be served on any person, or any number of persons, but that such service did not make them parties to the proceedings; that any one served might by petition or on motion, have a wrongful injunction dissolved, but that he would have no right to contest or vacate the adjudication; that that was a matter in which he could have no interest; that in this case, if Wm. Karr had lost possession of his property,—which he did not allege—he could by proper proceedings recover it of the assignee; that, if a creditor, he could prove his debt; that if he was a bona fide mortgagee, he could enforce his mortgage by proper proceedings; that if the adjudication was void, as claimed, and the assignee held property under it, the rightful owner had ample remedy against the assignee for its recovery, or he might, in a proper proceeding vacate and annul the adjudication, but that Wm. Karr showed no such right in this petition. He did not claim any right or interest in the property of C. C. Karr, nor did he seek to assert any claim to any specific property in the hands of the assignee, but only claimed that being a party to the proceedings in bankruptcy, and having had an injunction served on him, and being charged with fraud he had the right to contest the adjudication and ask to vacate it. This he could not do without some priority of interest in the property of C. C. Karr.

The court declined to decide the question of the jurisdiction of the district court to supersede proceedings in bankruptcy, but intimated that the jurisdiction would perhaps be found in the supervisory powers of the circuit court under the second section, and also reserved any opinion as to the effect of the death of the bankrupt in a case like this, it being unnecessary to determine these questions until some one was before the court who had the right to make them.