---

## Case No. 2,220.

### BURTON v. VARNUM.

[2 Cranch, C. C. 524.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

JUSTICE OF THE PEACE—JURISDICTION.

[Cited in Hellrigle v. Dulany, Case No. 6,343.]
[See Porter v. Rapine, Case No. 11,288; Cazenove v. Darrel, Id. 2,539; Maddox v. Stewart, Id. 8,934.]

---

1 [Reported by Hon. William Cranch, Chief Judge.]

BUSCH (CHICAGO FRUIT HOUSE CO. v.). See Case No. 2,669.

BUSCH (THOMPSON v.). See Case No. 13,-944.

---

## Case No. 2,221.

### In re BUSE.

[3 N. B. R. 215 (Quarto, 52).] [1]

District Court, E. D. Missouri. 1870.

BANKRUPTCY—RIGHTS OF LIEN CREDITOR.

A lien creditor cannot be required to surrender until his liability or debt is discharged.

In bankruptcy. Scheele was served with a rule to show cause why he should not deliver to assignee two horses belonging to the bankrupt, or pay the value of the same. On return of the rule it appeared that Scheele had purchased of the bankrupt two horses, for which he paid three hundred and fifty dollars cash, and that at request of Buse he became security in an appeal from a judgment rendered by a justice of the peace for two hundred dollars, and that the bankrupt had deposited with him two hundred dollars, to indemnify him against his liability as a security in the appeal bond, and that the suit was still pending on the appeal.

---

## Case No. 2,222.

### In re BUSH.

[6 N. B. R. 179; [2] 6 West Jur. 274.]

District Court, N. D. New York. Feb. 6, 1872.

BANKRUPTCY—NATURE OF THE PROCEEDING—WHO MAY APPLY TO ANNUL THE ADJUDICATION—NOTICE TO BANKRUPT.

1. The application of creditors other than the petitioning creditor in a bankruptcy proceeding for an order annulling the adjudication on the ground that there was an agreement of compromise preceding the commencement of bankruptcy proceedings to which agreement the petitioning creditor was a party, must be denied.

[Cited in Re Bergeron, Case No. 1,342.]

2. The proceeding by a petitioning creditor to force his debtor into bankruptcy is a proceeding inter partes like an ordinary action at law or suit in equity, and until the adjudication is had, they are the only parties. No outside creditor has a right to resist the adjudication or to ask that it be annulled.

[Cited in Re Mendelsohn, Case No. 9,420; In re Donnelly, 5 Fed. 785.]

---

1 [Reprinted by permission.]

2 [Reprinted from 6 N. B. R. 179, by permission.]

3. Want of notice to a bankrupt is a formal objection well taken—as the bankrupt has an interest in the continuance of proceedings which may result in his discharge. If assignments of policies of insurance belonging to a bankrupt prior to his adjudication, are valid, they can be maintained as against the assignee, to be appointed in bankruptcy proceedings, and if they are not legal and binding, they should not be made so as against non-assenting creditors by the dismissal of proceedings after the expiration of the time allowed to dissenting creditors to commence proceedings in order to avoid a preference has elapsed.

[In bankruptcy. Motions by Claflin & Co. and by Paton & Co. to annul an adjudication in bankruptcy as to L. Bush. Motions denied.]

George Gorham, for Claflin & Co. and Paton & Co.

Audley W. Gazzam and George Wadsworth, for petitioning creditor.

HALL, District Judge. This is an application by the firms of Claflin & Co. and Paton & Co. of New York, for an order annulling the adjudication of bankruptcy made in this case on the sixth day of June, eighteen hundred and seventy-one, upon the petition of Henry Dickinson, a creditor of the bankrupt, which petition was filed on the first day of May, eighteen hundred and seventy-one. Notice of the application has not been served upon the bankrupt, and the attorney of the petitioning creditor who had been served with notice and appeared to oppose the application, objected on the hearing that notice should have been given to the bankrupt as well as to the petitioning creditor. The ground on which this application is urged is, that in December, eighteen hundred and seventy, "nearly all the creditors" of the bankrupt, including Henry Dickinson, the petitioning creditor, signed an agreement of which the following is a copy, viz.: "We the undersigned, creditors of L. Bush, of Elmira, New York, for and in consideration of one dollar to each of us in hand paid, the receipt of which is hereby acknowledged, and in further consideration of the assignment of L. Bush to J. Arnot, Jr., of Elmira, New York, for the benefit of his creditors, of the policies of insurance amounting to nine thousand five hundred dollars, due him by reason of loss he sustained by fire, agree hereby to accept in full satisfaction of our respective claims set opposite to our signatures, forty per cent. payable in cash as soon as this agreement is completed, and the amount realized from the policies, the surplus remaining after this agreement is complied with, to revert back to the said L. Bush;" and that by an agreement with the bankrupt, and with the knowledge and assent of the said Henry Dickinson, the petitioning creditor and all the other creditors of said Bush, (except some whose debts in the aggregate did not amount to two hundred and fifty dollars), the said policies of insurance were assigned to Claflin & Co. and

Paton & Co., to be held and prosecuted under and pursuant to said agreement for the benefit of the creditors of the bankrupt, and that they had commenced suits on said policies and incurred expenses in the prosecution thereof. The papers used on the motion leave it doubtful whether the assignment of the insurance policies was for the benefit of all the creditors of the bankrupt or for the benefit of those only who should execute the agreement.

The application must be denied. The formal objection to the want of notice to the bankrupt is well taken, as he has an interest in the continuance of proceedings which may result in his final discharge, and the objection that Claflin & Co., and Paton & Co., as outside creditors cannot be heard upon a motion to set aside or annul the adjudication is also well taken. The proceeding by a petitioning creditor to force his debtor into bankruptcy is a proceeding inter partes like an ordinary action at law or suit in equity, and until the adjudication is had they are the only parties. No outside creditor has a right to resist the adjudication or to ask that it be annulled. In re Boston, H. & E. R. Co. [Case No. 1,679]; Hobson v. Markson, [Id. 6,555]. If the assignments under which Claflin & Co., and Paton & Co., have been acting are valid and binding, they can be maintained as against the assignee to be appointed in these proceedings, and if they are not legal and binding they should not be made so as against the creditors of the bankrupt who have never assented to them, by the dismissal of these proceedings after the time allowed to dissenting creditors to commence proceedings in order to avoid a preference has elapsed. The motion must be denied with costs.