## In re LEMMON & GALE CO.

### (Circuit Court of Appeals, Sixth Circuit. December 3, 1901.)

### No. 945.

1. BANKRUPTCY—JURISDICTION OF COURT—CONTROVERSY RESPECTING PROPERTY IN COURT'S POSSESSION.

Where property has been taken into the possession of a court of bankruptcy as assets of a bankrupt's estate, such court has jurisdiction to determine the rights of another asserting a lien upon or interest in the property by virtue of a subsequent levy thereon made under process from a state court.

2. SAME—CONCLUSIVENESS OF ORDER.

A court of bankruptcy, having jurisdiction of a controversy between a trustee and an execution creditor of the bankrupt's wife with respect to property claimed by the trustee as a part of the bankrupt's estate, determined such controversy on the merits adversely to the trustee, and entered an order dismissing his petition, without any reservation or suggestion that it was made without prejudice. Subsequently the wife was adjudged a bankrupt, and in a controversy between her trustee and the execution creditor the court reached a different conclusion as to the ownership of the property, and ordered the proceeds turned over to the husband's trustee, who was not a party to the proceeding. *Held*, that such order was erroneous, the former order being conclusive of the rights of the parties thereto unless reversed in proceedings taken directly for that purpose in the same bankruptcy case.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Tennessee, in Bankruptcy.

J. W. Williams, on the 5th day of February, 1901, filed his petition in bankruptcy in the district court of the United States for the Western district of Tennessee, and was duly adjudicated a bankrupt. Among his assets the bankrupt scheduled a stock of goods in a storehouse at Lucy, Tenn. This property Williams gave into control of the referee, who directed him to hold it for the court until a trustee should be appointed. On the 16th of February, Ike A. Chase was duly appointed trustee, and qualified as such. On the 12th of February, the Lemmon & Gale Company caused an execution to be levied upon the goods as the property of Nannie S. Williams, upon a judgment rendered on the 8th day of February against J. W. Williams and his wife, Nannie S. Williams. The sheriff being about to sell the property, Chase, trustee in bankruptcy of J. W. Williams, began an action against Lemmon & Gale Company and Blackwell, sheriff. In the petition in the case (No. 1,056), the trustee set forth the adjudication and his appointment; that

the estate consisted of the stock of goods at Lucy, Tenn.; that the Lemmon & Gale Company obtained judgment against the said Williams, or his wife, or both, in a magistrate's court in Shelby county, Tenn., upon which judgment execution had been levied by the sheriff upon said stock of goods, and the same were advertised for sale on February 24, 1901. Petitioner averred that the levy was illegal and void as against the petitioner's right as trustee to the property, and prayed for an injunction restraining the sale and requiring the restoration of the property. Lemmon & Gale Company answered this petition, and said that the judgment upon which the levy had been made was not the debt of J. W. Williams, but was the debt due said Lemmon & Gale Company from Nannie S. Williams, wife of said J. W. Williams; that the judgment referred to was taken against J. W. Williams and Nannie, his wife, said J. W. Williams being joined as husband. That the property levied upon was the property of Nannie S. Williams, and was then held by the sheriff. The answer also claimed that the jurisdiction to test the question in issue was in the state court, and denied the jurisdiction of the United States court in the matter. The sheriff sold the property, and holds the proceeds. This case came on for hearing in the bankruptcy court, and the court made the following entry: "Ike A. Chase, trustee, against Lemmon & Gale Company. No. 1,056. This cause came on to be heard, and the court hereby orders that this suit be dismissed at the expense and cost of Ike A. Chase and S. Benchart, his surety upon the cost bond, for which let execution issue. It is further ordered that the writ of injunction be and hereby is dissolved and held for naught." On April 7, 1900, Chase, as trustee of J. W. Williams, filed another petition, setting forth the adjudication in bankruptcy; that the only assets of Williams were the stock of goods in the storehouse at Lucy, Tenn., of the value of less than $200; that his liabilities were $950; and gave a list of creditors, including Lemmon & Gale Company; that the sheriff had levied upon the goods as the property of Nannie S. Williams, wife of J. W. Williams, and had advertised the property for sale as the property of said Nannie S. Williams; that a restraining order had been issued, directing the sheriff to take no further steps under the execution, and afterward the sheriff, as special officer of the bankruptcy court, had been directed to sell the goods and turn the proceeds into the registry of the court; further setting forth that the said property never belonged to Nannie S. Williams; that she never claimed any interest therein; that her creditors, if any she had, are not entitled to levy on the said property; that said Nannie S. Williams never held herself out as a trader, and never bought any goods on credit; that the said J. W. Williams never gave the said stock of goods to his wife, but, if mistaken in such allegation, then such conveyance is fraudulent and void as to the creditors of said Williams, and said trustee is entitled to have said conveyance set aside. The petition further alleges the filing of the former petition, asking to restrain the selling of said goods by the sheriff upon the execution from the state court, and avers that the stay order was granted, but afterward, by consent, the said goods were sold by the sheriff as special officer of the court, and the proceeds of said sale are still in the hands of the sheriff. The petition states that the former petition was dismissed without prejudice. The petition prayed that an order issue restraining the paying over of the money until the further order of the court; and, if it be determined that said J. W. Williams had transferred said property to his wife, Nannie S. Williams, that said transfer be set aside and held for naught, and the proceeds of said sale be decreed to the petitioner. The Lemmon & Gale Company answered this petition, setting up the adjudication upon the former petition, and averred that the indebtedness set forth in the schedule of J. W. Williams was the indebtedness of said Nannie S. Williams. The answer contains other allegations taking issue with the statements in the petition, and denies that the former petition was dismissed without prejudice. Upon hearing the second petition and answer, the application for an injunction was denied, and the petition dismissed, and the sheriff directed to pay the moneys in his hands to the defendants, as execution creditors, but the order to be without prejudice to the trustee to proceed at law or in equity in any court of competent jurisdiction to recover the money from the execution creditors aforesaid. On April 16, 1900, the

said Nannie S. Williams filed a petition in voluntary bankruptcy, scheduling the same property as her husband had, stating that she had been made by the court's decree to own the said property and owe the said debts, "but, as a matter of fact, she never owned the property or owed the debts." Among the creditors scheduled was the said Lemmon & Gale Company. Mrs. Williams was adjudicated a bankrupt, and said Ike A. Chase duly appointed her trustee, and qualified as such. Thereafter, said Chase, as trustee of said Nannie S. Williams, filed a petition—case No. 1,061—against the sheriff, Lemmon & Gale Company, and certain other creditors, setting forth, in substance, the filing of the petition by said J. W. Williams in bankruptcy, the scheduling of said stock of goods among his assets; that before the discharge of said J. W. Williams two creditors, Lemmon & Gale Company and Fosdick & Wagner, sued said Nannie S. Williams, claiming the stock of goods at Lucy, Tenn., as her property; judgments were obtained and executions were issued thereon, and the goods were sold by the sheriff; that before the sheriff could pay over the money the district court ordered the fund paid into the registry. After various petitions, the court held that the said creditors were the creditors of Nannie S. Williams; that she was a trader and merchant under the laws of Tennessee, and that the executions were good. Upon the rendition of said judgment said Nannie S. Williams filed her petition in voluntary bankruptcy, and scheduling as her assets the said stock of goods at Lucy, Tenn. The petition further avers that the sheriff refused to pay over the proceeds of said goods to said creditors after the adjudication of said Nannie S. Williams as a bankrupt. The sheriff also refused to pay over the said funds to the petitioner, as trustee. The petition asks that the said Blackwell, sheriff, be ordered to pay over the fund to the petitioner as trustee of said Nannie S. Williams, and that said defendant creditors may be enjoined from bringing any action against the said sheriff on account of his failure to pay over the said funds to them. The Lemmon & Gale Company answered this petition, setting forth, among other things, that the sheriff sold the property under state process before the said Nannie S. Williams filed her petition in bankruptcy; that by said levy and sale the proceeds in the hands of the sheriff became the property of said judgment creditors, in an amount sufficient to pay off said judgment and costs. The answer denies that this lien is invalid under the bankruptcy act, and sets forth a proceeding pending in the state court seeking to enjoin the said Blackwell, sheriff, from paying over the fund, except to said execution creditors, and that a temporary injunction had issued in said state court. The answer also makes allegations attacking the validity of the proceedings adjudicating Nannie S. Williams a bankrupt. After the filing of this petition, an order was made referring the cause to R. D. Jordan, referee, with directions to take proof and report upon the matters in controversy herein between Ike A. Chase, trustee, and the Lemmon & Gale Company, and I. A. Chase, trustee, in and to the funds in the hands of George Blackwell, sheriff of Shelby county, arising from the sale of a certain stock of goods sold by him as the property of the said Nannie S. Williams, bankrupt. "He will report the nature and character of the title and the claim of the Lemmon & Gale Company in and to the said stock of goods." Upon this order the referee filed a finding of the facts and his opinion as to the law of the case. Upon these findings of fact the referee was of the opinion that a decree should be entered, finding the fund to belong to I. A. Chase, as the trustee of J. W. Williams. Upon hearing on exceptions to this report the same was confirmed, and the district court entered a decree overruling the exceptions and confirming the report of the referee. The court found that the proceeds of the property in question belonged to I. A. Chase, as the trustee of J. W. Williams, and not to the judgment creditors of Nannie S. Williams. In view of the pending proceedings in the chancery court of Shelby county, Tenn., the court directed Chase to present to that court a certified copy of the decree and ask for an order directing the sheriff to pay over the proceeds in his hands to said Chase, as trustee of said J. W. Williams, bankrupt. The order of the court made June 16, 1901, directing the payment of the funds to the plaintiffs in the execution, was vacated and set aside, and the referee ordered to tax the costs and report to the court.

Edgington & Edgington and James N. Ramsey, for Lemmon & Gale Co.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge, after making the foregoing statement of facts, delivered the opinion of the court.

In the disposition of this case we only find it necessary to notice one of the assignments of error, which concerns the force and effect to be given the order and decree of the court in dismissing the petition in the first case tried and determined upon petition and answer. The record discloses that, after his qualification as trustee, Chase filed his petition to enjoin the seizure and sale of the stock of goods which the bankrupt, J. W. Williams, had scheduled in the proceedings, and which the referee had found had been turned over to the referee to hold until the selection of a trustee. This property was, consequently, in the possession of the court when undertaken to be levied upon by the sheriff executing process issued upon the judgments rendered in the state court. In view of this situation the bankruptcy court undoubtedly had jurisdiction to determine the rights of others asserting a lien upon or interest in the property, and the property could not be taken from the control of the bankruptcy court by the process of the state court. White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183. The United States court, having lawful possession of the res, might retain it until it had disposed of the property. Chase, as trustee of J. W. Williams, filed his petition, claiming the rightful ownership of the property. Lemmon & Gale took issue upon this allegation, and claimed to have caused the same to be levied upon as the property of Nannie S. Williams. It is true they denied the jurisdiction of the bankruptcy court, but for the reasons stated that court had jurisdiction. Upon this petition and answer the court made the entry dismissing the cause and dissolving the injunction theretofore granted. There was no reservation of any further right of action in the entry, and no suggestion that the order was without prejudice. The court entertained jurisdiction, and upon hearing dismissed the petition upon its merits. Such an entry admits of no other construction in the absence of qualifying words. Durant v. Essex Co., 7 Wall. 107, 19 L. Ed. 154. It is equally well settled that a judgment in a court of competent jurisdiction, upon matters essential to the determination of the issue, until set aside in some proper way, forever settles the controversy between the parties. The rule is thus stated by the supreme court of the United States:

"A right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." Southern Pac. R. Co. v. U. S., 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355.

In the present case, the issue was directly made as to the right of the trustee of J. W. Williams to the property in question as

against the defendant. If the allegations of his petition were sustained, the property had belonged to the bankrupt, and had properly come under the jurisdiction of the court in the hands of the trustee. The court dismissed this petition upon its merits. It must therefore have decided that the property did not, as between the parties at issue, belong to the bankrupt's estate. This right cannot again be litigated, except by some proper manner of review or direct attack upon the judgment. It is urged that this order comes within those made in the course of proceedings in bankruptcy, which are always open to review until the proceeding is closed. In Sandusky v. Bank, 23 Wall. 289, 23 L. Ed. 155, the supreme court, speaking by Mr. Chief Justice Waite, said:

"A proceeding in bankruptcy, from the time of its commencement by the filing of a petition to obtain the benefit of the act until the final settlement of the estate of the bankrupt, is but one suit. The district court, for all purposes of its bankruptcy jurisdiction, is always open. It has no separate term. Its proceedings in any pending suit are, therefore, at all times open for re-examination upon application therefor in an appropriate form. Any order made in the progress of the case may be subsequently set aside and vacated upon proper showing, provided rights have not become vested under it which will be disturbed by its vacation. Applications for such re-examinations may be made by motion or petition, according to the circumstances of the case. Such a motion or petition will not have the effect of a new suit, but of a proceeding in an old one." Pages 292, 293, 23 Wall., and page 156, 23 L. Ed.

This language seems equally applicable to the present bankruptcy act. Coll. Bankr. (3d Ed.) p. 16. If it could be conceded, which we do not find it necessary now to decide, that the order or decree made upon the first petition and answer could be subsequently set aside, pending the bankruptcy proceedings, within the rule above laid down by the supreme court, that could only be accomplished by some proper proceeding having that end in view. In the present case the former order was in full force, its validity had never been attacked, nor any form of procedure instituted to affect its validity in any way. The order now under review entirely ignores the force and validity of the former determination, and upon a petition of Nannie S. Williams' trustee, filed in her bankruptcy proceeding, to which the trustee of J. W. Williams is not a party, and in which his bankruptcy case is not in review, the order, in full force, is ignored, and an opposite conclusion reached as to the ownership of the property. In thus ordering the property to be turned over to Chase, as trustee of J. W. Williams, we think the court erred.

The order complained of will be reversed, and the cause remanded for further proceedings.