not necessary to notice the other questions discussed by counsel at the hearing.

The judgment is affirmed,

---

## In re IVES.

(Circuit Court of Appeals, Sixth Circuit. February 10, 1902.)

### No. 1,006.

1. BANKRUPTCY—MODE OF REVIEW—APPEALABLE ORDERS.

   An order sustaining a demurrer to a petition filed for the purpose of vacating an adjudication in bankruptcy is not a judgment from which an appeal will lie under the provisions of Bankr. Act 1898, § 25, but is reviewable by petition under section 24b.[1]

2. SAME—COURT OF BANKRUPTCY—POWER TO VACATE ORDERS.

   For the purposes of bankruptcy jurisdiction under Bankr. Act 1898 a district court is always open, and has no separate terms. The proceedings in a pending suit are therefore continuous from the filing of the petition to the closing of the estate, and at all times open for re-examination, and upon proper application and showing any order made during the progress of the case may be set aside, provided rights have not become vested under it which will be disturbed by its vacation.

3. SAME—PETITION TO VACATE ADJUDICATION—RIGHT OF CREDITOR TO MAINTAIN.

   A creditor has no right to oppose an adjudication in bankruptcy except such as is expressly given him by the statute, and Bankr. Act 1898 gives him no right to contest an adjudication upon a voluntary petition. He cannot, therefore, maintain a petition to vacate an adjudication in such case after it is made.

4. SAME—LACHES.

   A creditor of a bankrupt firm, even if entitled to maintain a petition to vacate the adjudication, cannot do so after the lapse of eight months, during which other rights have intervened, and without showing a good reason for the delay; and an allegation that the facts stated in the petition have become known to him "only recently" is insufficient.

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Michigan, in Bankruptcy.

In the matter of the petition of Adolph Feldheim and Leo M. Butzel to review an order of the district court. 111 Fed. 495.

On September 11, 1900, a voluntary petition in bankruptcy was filed in the district court of the United States for the Eastern district of Michigan on behalf of the firm of A. Ives & Sons, which firm was composed of Albert Ives, Sr., Albert Ives, Jr., and Butler Ives. This petition was signed by Albert Ives, Jr., and Butler Ives, and by Albert Ives, Sr., by Mrs. Mary Ives Cowlan, his daughter, by authority of a power of attorney dated September 10, 1900, giving her general power to sign and execute all papers, and particularly the petition in bankruptcy which was filed. This petition asked that the firm and the individual members thereof be adjudicated bankrupts, and they were so adjudicated. One Henry A. Harman was appointed trustee, and on the 27th of October, 1900, he filed a bill in the circuit court for the county of Wayne, Mich., in chancery, setting forth the bankruptcy proceedings, and asking that a transfer of certain negotiable paper and assets placed in the hands of the petitioner Leo M. Butzel, as trustee, to secure a debt of

---

[1] Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

$25,000 to Albert Feldheim, the other petitioner here, within four months of the filing of said petition in bankruptcy, be set aside. The subpœna in that suit was served on these petitioners, who filed an answer. On March 20, 1901, Albert Ives, Sr., died, and Albert Ives, Jr., was appointed administrator of his estate. On June 5, 1901, these petitioners filed a petition in the district court, charging that Albert Ives, Sr., at the time he executed the power of attorney, and at the time of the institution of the proceedings in bankruptcy and the adjudication, was mentally incompetent, and for that reason the proceedings. so far as they pertain to the firm of A. Ives & Sons and to the estate of Albert Ives, Sr., are void, and asking that the adjudication, so far as it relates to the firm and the estate of Albert Ives, Sr., be set aside, and the appointment of the trustee vacated. The delay in filing their petition is sought to be excused by the petitioners by saying "that the facts in reference to the matters herein contained have become known to them only recently, and they thereupon have begun this proceeding." To this petition the trustee and Albert Ives, Jr., administrator of the estate of Albert Ives, Sr., filed a demurrer, which was sustained by the court, and the petition dismissed. To review that order this petition has been filed.

H. E. Spalding, for petitioners.

Thomas A. E. Weadock, for trustee in bankruptcy.

Before LURTON and DAY, Circuit Judges, and WANTY, District Judge.

WANTY, District Judge, after making the foregoing statement of the case, delivered the opinion of the court.

1. The trustee urges in this court that the remedy of the petitioners; if any, is by an appeal from the order sustaining the demurrer, and that the 10 days provided for an appeal expired before the petition here was filed. Section 25 of the bankruptcy act of 1898 provides that appeals may be taken in bankruptcy proceedings to the circuit court of appeals from judgments adjudging or refusing to adjudge the defendant a bankrupt, granting or denying a discharge, and allowing or rejecting a debt or claim of $500 or over, and that such appeals shall be taken within 10 days after the judgments appealed from have been rendered. An order sustaining a demurrer to a petition filed for the purpose of vacating an adjudication is not referred to in this section, and is not a judgment from which an appeal will lie, within its purview. It rather comes within section 24, authorizing the circuit court of appeals "to superintend and revise in matters of law proceedings of the several inferior courts of bankruptcy within their jurisdiction," which provides a summary mode of reviewing the orders of the bankruptcy courts upon questions of law on petitions filed in the appellate court by parties aggrieved. Courier-Journal Job-Printing Co. v. Schaffer-Meyer Brewing Co., 41 C. C. A. 614, 101 Fed. 699; In re Seebold, 45 C. C. A. 117, 105 Fed. 910; and the large number of cases in the note in Re Eggert, 43 C. C. A. 12–15.

2. The petition shows that several terms of court intervened between the adjudication sought to be vacated and the filing of the petition, and it is urged that an adjudication in bankruptcy is under the control of the court only during the term at which it is made, and can be set aside or modified only during that term; that it, like all other judgments, passes beyond the power of the court when the term at which it was made closes, unless steps are taken during that term to vacate

or correct it. The supreme court of the United States has, in strong language, expressed this view in all cases coming within the principle of the cases it was considering when the expressions were made, and that view is not open to question. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013. But in section 2 the bankruptcy act seems to contemplate that from the filing of the petition to the closing of the estate the proceeding shall be continuous, and a court of bankruptcy always open, like surrogate and probate courts, where estates are administered, and which have no terms. It provides that matters arising in a bankruptcy proceeding may be heard in vacation or term time, and orders allowing or disallowing claims may be reconsidered, closed estates reopened, and compositions and discharges set aside. It has been held by the supreme court that under the bankruptcy act of 1867 the district court, for all purposes of its bankruptcy jurisdiction, is always open, and has no separate terms; that the proceedings in a pending suit are, therefore, at all times open for re-examination upon application therefor in appropriate form, and that any order made in the progress of the case may be subsequently set aside and vacated upon proper showing, provided rights have not become vested under it which will be disturbed by its vacation; and it is held that application for such re-examination will not have the effect of a new suit, but of a proceeding in an old one. Sandusky v. Bank, 23 Wall. 289, 23 L. Ed. 155. This language used in reference to the act of 1867 was said by this court to be applicable to the present bankruptcy act in Re Lemon & Gale Co. (C. C. A.) 112 Fed. 296. We are of opinion, therefore, that the question presented by the petition was open, and the court below had power to determine it, although several terms of the district court had expired since the adjudication.

3. This brings us to the question whether a creditor may have an adjudication of bankruptcy against a firm and one of the individuals composing it, made upon the voluntary petition of all the partners, set aside, because at the time the petition was filed and the adjudication made one member of the firm was non compos mentis. Section 5c provides that "the court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners, and of the administration of the partnership and individual property." The court acquires jurisdiction of the proceeding on the filing of the petition. If it is filed by all the partners, the adjudication is made at once; if by less than all, the partner who refuses to join in the petition may oppose the adjudication as he might if the proceeding was involuntary, and he may make every defense open to a debtor upon such a petition. It is open to him or his personal representatives to move to set aside an adjudication after it has been made; but a creditor has no right to oppose an adjudication in bankruptcy except such right may be expressly given to him by the statute. Under the act of 1867 it was held that in a case where the court acquired jurisdiction no creditor could oppose the adjudication nor move to set it aside. In re Bush, 4 Fed. Cas. 879 (No. 2,222); Karr v. Whittaker, 14 Fed. Cas. 133 (No. 7,613). Act 1898, § 18b, provides that

113 F.—58

in involuntary cases "the bankrupt or any creditor may appear and plead to the petition within ten days after the return day," thus expressly giving him the right to contest an adjudication. In voluntary cases the statute makes no such provision, and he has no such right. If he could not contest the adjudication, he had no right to petition for its vacation after it was made. We are cited to the opinion of Judge Coxe in Re Altman (D. C.) 95 Fed. 263, which, it is claimed, expresses a different view. He says: "Assuming that a creditor is in a position to raise the objection in limine that a partnership petition cannot be filed in the circumstances shown, it will be time enough to consider the question when proper papers are before the court." The question under consideration was not the same, and the dictum there is not contrary to the view here taken.

4. There is no sufficient excuse given for the delay of these petitioners in making the application to vacate the order of adjudication. That order was made on the 11th day of September, 1900. The trustee, on the 27th day of October following, filed a bill in the circuit court for the county of Wayne, Mich., in chancery, setting forth the bankruptcy proceedings, and asking that a transfer of certain property to these petitioners be set aside. On March 20, 1901, Albert Ives, Sr., died, and the petition below, setting up his mental incompetency at the time he executed the power of attorney and the institution of the proceedings in bankruptcy and the adjudication, was not filed until June 5, 1901. The only excuse given for the delay is that the facts in reference to the matters contained in the petition have become known to the petitioners only recently, without giving any date. This statement is insufficient. The petitioners must have known of the adjudication in October, 1900, and it is not shown that at that time they were not aware of the facts on which it is now sought to vacate that adjudication. Each case must be judged on its own peculiar facts, but one may not stand by and wait until his opponent has died, voidable security has become unassailable, and other rights have intervened, before making an application to set aside an adjudication in bankruptcy, even if he is in a position to make such application.

We think the petitioners had no right, as creditors, to file their petition asking that the adjudication be set aside; and, if they had had that right, they would have lost it by their unexplained delay. The order sustaining the demurrer was properly made, and is affirmed.