judgment, be compelled to conclude from this evidence that the agent Love did not know and approve of the transfer of the insurance before the fire? A careful review of the testimony fails to convince that this question should be answered in the affirmative, and it is only when it can be so answered that an issue of fact may be properly withdrawn from the jury. Mr. Love and Miss Dunn testify that he did not approve the transfer. But the acts and interpretations of parties to contracts before controversies arise are often as cogent and persuasive evidence upon the question of their existence and meaning as their testimony. Miss Dunn told the messenger she would sign the slip if Mr. Love approved it. She did sign it. Mr. Love knew she had signed it the next morning, and he knew the stock had been moved, but he did not question the existence and validity of the policy, or the liability of the company for the loss. On the other hand, he acknowledged the liability, and made the cancellation of the policy expressly subject to the loss. It is true that, if the transfer slip was not approved before the fire, he could not create a liability of the company by acknowledging or admitting it after the fire. But the signature of Miss Dunn to the slip, and Love's interview with the plaintiff, and his cancellation of the policy, subject to the loss, after the fire, are competent and persuasive evidence on the issue whether or not Love was aware of and approved the transfer. They may persuade some reasonable men that he had knowledge of it, and approved it, although the fact had slipped from his memory when he testified. This question should have been submitted to the jury under this evidence, and the judgment below is accordingly reversed, and the case is remanded to the court below for a new trial.

---

### In re HAWK.

(Circuit Court of Appeals, Eighth Circuit. April 14, 1902.)

No. 21, Original.

BANKRUPT COURT—SETTING ASIDE DISCHARGE—AMENDMENT OF SCHEDULE.

A court of bankruptcy is without jurisdiction to set aside a discharge, to reinstate a case, and to permit an addition of a creditor to the bankrupt's schedule more than a year after the adjudication in bankruptcy, without notice to the creditor.

(Syllabus by the Court.)

Petition for Review.

John E. Greene (H. F. Miller, on the brief), for petitioner.
D. G. Maclay (W. F. Ball and J. S. Watson, on the brief), for respondent.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. William J. Hawk was adjudged a bankrupt on June 21, 1899. On October 5, 1899, he received his discharge in bankruptcy. His estate produced no assets that were

not exempt from execution, and there were no dividends to his creditors. He owed the Van Dusen-Harrington Company, a corporation, upon his promissory notes, $2,320.12 and interest from some date in the year 1896. He did not include this creditor or these notes in his schedule of liabilities, and this creditor was not aware of the proceedings in bankruptcy until some time in the month of August, 1900. During the month of June in that year Van Dusen, Harrington & Co. became indebted to Hawk through business transactions conducted in that month in the sum of $1,-944.77. On August 11, 1900, upon the application of the bankrupt, showing that he had forgotten to include the claim of Van Dusen-Harrington Company against him in his schedule, and without any notice to that creditor, the court made an order that he be permitted to amend his schedule by inserting the name of the Van Dusen-Harrington Company as one of his creditors, with a proper description of the nature and consideration of his debt to it, and directed that the discharge in bankruptcy be set aside, and the case be referred to the referee. On October 10, 1900, after hearing the creditor and the bankrupt, a new order was made to the effect that the order of August 11, 1900, be vacated and set aside, and that the discharge in bankruptcy of October 5, 1899, be reinstated. The bankrupt presents these facts and proceedings by petition for review, and alleges that the order of October 10, 1900, was illegally issued.

The court below granted the order of October 10, 1900, on the ground that it had no jurisdiction to make the original order of August 11th, because the term of the district court at which the bankrupt was discharged had expired in the preceding May. It is unnecessary to determine in this case, and we do not decide, whether or not the terms of the United States district court are the terms of the courts of bankruptcy established by the bankruptcy law of 1898, so that the ordinary rule at law and in equity that the court has no jurisdiction to vacate or modify its judgments in matters of substance after the expiration of the term is applicable. Whether the judgment of discharge was subject to this rule or not, the order of August 11, 1900, was clearly void upon another ground. The adjudication in bankruptcy was made on June 21, 1899. Section 57n provides that "claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication." The year within which the claim of the Van Dusen-Harrington Company against the estate of this bankrupt could be proved had expired on June 21, 1900. It had become indebted to the bankrupt, Hawk, in the sum of $1,944.77, against which it had the legal and moral right to offset its claim upon the promissory notes of Hawk. The order of August 11th avoiding the discharge of the bankrupt, and permitting him to insert in his schedule of debts this claim of Van Dusen-Harrington Company, would, if effectual, deprive this creditor of $1,944.77 without notice or hearing. It would, in the ordinary course of proceedings, result in the discharge of the bankrupt from liability on his promissory notes held by this creditor, while it would leave the creditor liable to the bankrupt for the debt of $1,944.77 which it owed him. The court below had no jurisdiction

to make such an order without notice to the creditor, because its effect would be to deprive the creditor of a valuable right of property without due process of law (In re Rosser, 101 Fed. 562, 567, 41 C. C. A. 497, 502), and because the time within which a claim against the estate of the bankrupt could be proved had expired under section 57n of the bankrupt law.

There was no error in the order of October 10, 1900, which vacated and set aside the order of August 11, 1900, and it is approved and confirmed.

CINCINNATI, H. & D. R. CO. v. THIEBAUD.

(Circuit Court of Appeals, Sixth Circuit.   November 7, 1900.)

No. 661.

1. APPEAL—PRESUMPTIONS—FACTS NOT SHOWN BY RECORD.
    It is not necessary in all cases that a bill of exceptions should expressly declare that it contains all the evidence or the whole case in order to repel the presumption that other facts may have been proven or other evidence given.   It is enough if, from the frame of the bill, it is clearly implied that what is therein stated constitutes the whole of what took place on the trial.

2. MASTER AND SERVANT—INJURY OF SERVANT—EMPLOYER'S LIABILITY ACT OF INDIANA.
    In the employer's liability act of Indiana (Laws 1893, pp. 294, 295), which provides that corporations shall be liable for damages for personal injury suffered by an employé through the negligence of co-employés, in certain cases, in the absence of contributory negligence, "and the person so injured obeying or conforming to the order of some superior, at the time of such injury, having authority to direct," the provision quoted, under the construction placed thereon by the supreme court of the state, does not require that the person injured should be acting at the time under any special direction of a superior, but is equivalent to a requirement that he shall be acting in the line of his duty as an employé; and a railroad engineer injured without negligence on his part while in charge of his engine, at a time and place when and where he had a right to be with his train, through the negligence of those in charge of another engine, must be presumed to have been at the time discharging the regular duties of his employment, and the case is within the statute.

8. SAME—CONSTITUTIONALITY OF ACT.
    The Indiana employer's liability act is not in contravention of the fourteenth amendment to the federal constitution, as denying to corporations the equal protection of the laws by discriminating between them and individual employers.[1]

4. JURISDICTION OF FEDERAL COURT—ACTION BY ADMINISTRATOR FOR WRONGFUL DEATH—CITIZENSHIP OF PARTIES.
    The statute of Indiana (Burns' Rev. St. 1894, § 285) gives an administrator a right of action for the wrongful death of his intestate if the deceased, had he lived, might have maintained an action for an injury for the same act or omission, and provides that the damages recovered shall inure to "the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."   Held, that an administrator in such an action sues as trustee, and not as a merely formal party, without interest, being vested by the statute with the legal title to the cause of action, and charged in his official capacity with the care and distribution of the amount recovered,

1 See Constitutional Law, vol. 10, Cent. Dig. § 702.