### In re KAUFMAN.

(District Court, E. D. New York. March 8, 1905.)

1. BANKRUPTCY—DISCHARGE—RELEASE FROM PARTNERSHIP DEBTS.

 A member of a partnership, adjudged a bankrupt individually on his own petition, who scheduled as liabilities the debts of the firm, is released by a discharge from individual liability thereon, since they were provable against his estate.

2. SAME—POWER OF COURT—AMENDMENT OF DISCHARGE.

 A court of bankruptcy has power, after the term at which a discharge was granted, to amend the same, and to permit the amendment of the petition and the petition for discharge, when necessary, to correctly set out more specifically the character of the debts scheduled and provable, and upon which the discharge operated.

In Bankruptcy. On application for amendment of discharge.

Kenneson, Emley & Rubino, for bankrupt.
H. Linsly Johnson, for Phelps, Dodge & Co.

THOMAS, District Judge. On April 27, 1900, Otto Kaufman filed a petition in this court, wherein he prayed "that he may be adjudged by the court to be a bankrupt," and on such date he was duly adjudicat-

ed a bankrupt. With such petition he filed schedules, in which were stated creditors, of whom the greater part represented indebtedness contracted by him and Simon Hirsh as partners. His schedules show no real estate, no personal property except clothing, and a life insurance policy of $3,000, in which his wife is stated to be the beneficiary, and state that the petitioner "has no books, other than salesbooks, billbooks, and that one Mr. Stewart, an attorney at 309 Broadway, New York City, Manhattan borough, has a debit ledger belonging to the business, in which your petitioner was partner with one Simon Hirsh." In Schedule A, among the unsecured creditors, there appears the following: "Phelps, Dodge & Co., Cliff Street, New York City," debt contracted "1896, New York, N. Y., judgments City Court of New York, December 17, 1896, and January 6, 1897, $2,367.98." It is scheduled under the heading, "Merchandise Contracted with Simon Hirsh as Partner." Oelberman, Dommerich & Co. are also scheduled as creditors for a merchandise debt contracted by the petitioner with Simon Hirsh as partner. Notice of the first meeting of creditors was duly sent to all scheduled individual and firm creditors, and due publication thereof was had, and firm creditors, many in number, proved their claims against the bankrupt; but Phelps, Dodge & Co. did not prove their claim, although they had due notice of all the bankruptcy proceedings. At the first meeting of the creditors, on May 18, 1900, the bankrupt was examined. Later Oelberman, Dommerich & Co., having proved their claim, objected to the bankrupt's discharge; and, upon a hearing on the specification interposed by them, the bankrupt was examined at considerable length, largely respecting the assets of the firm of which he had been a member, inasmuch as the specifications in opposition to the discharge chiefly related to the affairs of such firm, and the suppression of the assets of such firm. Phelps, Dodge & Co. had due notice of the application for a discharge. Upon due proceedings had, the bankrupt was on November 30, 1901, discharged from all debts and claims which are made provable by the bankruptcy acts against his estate, and which existed on the 27th day of April, 1900, on which date the petition for adjudication was filed by him, except such debts as are excepted by law from the operation of a discharge in bankruptcy. After a year from the date of such discharge, the bankrupt, pursuant to the provisions of section 1268 of the New York Code of Civil Procedure, applied to the various courts where judgments had been obtained against him on said debts, to have the same canceled by reason of the discharge, and such proceedings were had that all the judgments, except the two obtained by Phelps, Dodge & Co., were canceled. On November 5, 1904, the bankrupt applied to the city court of the city of New York, where the judgments of Phelps, Dodge & Co. had been obtained, for the cancellation of such judgments. Phelps, Dodge & Co. resisted such motion; and the court, as is alleged, declined to order the cancellation of their judgments, upon the ground that the discharge obtained in a court of bankruptcy only discharged the bankrupt from his individual debts, and not from firm debts. This order was affirmed upon appeal.

The bankrupt now moves for an order permitting him to amend his petition for discharge, in that:

"I pray that I may be decreed by the court to have a full discharge from all debts provable against my estate under the bankruptcy acts, except such debts as are excepted by law from such discharge, and that I may have discharge not only from all individual debts provable against my estate, but also of debts incurred by me as partner with Simon Hirsh, in so far as I am liable on the said partnership debts."

And that his petition for discharge, verified April 21, 1901, be amended by adding thereto the following:

"Your petitioner seeks a discharge from all debts which may be provable against his estate, consisting not only of individual, but debts contracted as a member of the firm composed of himself and Simon Hirsh, and doing business under the name of City Metal Works, except such debts as are excepted by law from a discharge."

And that the order permitting the said amendment allow the same as of the original date of such several petitions.

The history above given shows that the bankrupt, as an individual, petitioned this court to be adjudicated a bankrupt, and to be discharged as such; that he was discharged as such individual, although he scheduled all his firm indebtedness. Although the schedules do not show that he scheduled any property of the firm, if such there were, he now asks that the record be amended so as to discharge him, as an individual, from any liability on account of the debts of the firm. It will be observed that he does not ask that the firm be discharged from any liability, or that he be relieved, on proper action taken by the firm, an assignee, receiver, or trustee thereof, from any liability for assets of the firm which he may have. The judgment obtained against him was a personal judgment against himself and his partner on account of the indebtedness contracted by him and his partner in the course of partnership business. Both the indebtedness and the judgment subjected to its payment the assets of the firm, and the individual property of each debtor against whom the judgment was recovered. Therefore Kaufman was a judgment debtor, first, as a partner of the firm; second, as an individual. The petition in bankruptcy was not for the purpose of procuring the administration of the assets of the firm, as a distinct entity, nor for the purpose of procuring the discharge of the firm as such; but it was for the purpose of administering the personal assets of a person, who was a partner, and for the discharge of such person from all debts against him as an individual, however such debts were created. He tendered his personal assets not only to his individual creditors, but to his several partnership creditors, and underwent searching examination for the purpose of determining whether he, as an individual, had had or retained in his possession any property belonging to himself individually or to the partnership which should be applied to the payment of any class of debts. It was found that he had no personal assets, and that he had no partnership assets, nor were there any for which, as an individual, he was accountable. Chapter 3, § 5, subd. "g," of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]), provides, "The court may permit the proof of the claim of the partnership estate against the in-

dividual estates. * * *" This permitted Phelps, Dodge & Co., if
they had any claim against the individual estate of Kaufman, growing
out of partnership relations, to prove such claim; and upon the failure
of such creditors, who became such on account of partnership relations,
to make claim against the estate of the individual bankrupt, their right
to collect their judgment against such bankrupt was foreclosed by the
due discharge of the bankrupt as an individual. Hence Phelps, Dodge
& Co., as the owners of a judgment which Kaufman, as an individual,
and his individual estate, were liable to pay, should have presented such
claim against the individual bankrupt; and, in default thereof, they
are debarred from thereafter claiming that the estate of the individual,
or the individual himself, is liable for the payment of the judgment. If
now Phelps, Dodge & Co. should attempt to collect their judgment from
property of the firm, if there be such, or Hirsh, provided he has not
been released from such judgment, they have full power to do so;
but, should such judgment creditors attempt to collect the judgment
from the individual property of the bankrupt, they would be estopped
by the discharge. The proceedings are now sufficient to grant this
protection, but, if it be necessary that the present rights be more spe-
cifically stated, no creditor may justly object if the petition be amended
so as to pray that the bankrupt be discharged—

"From all debts provable against my individual estate under the bankruptcy
acts, except such debts as are excepted by law from such discharge, and that
I may have discharge not only from all individual debts provable against
my individual estate, but also from all debts incurred by me as partner with
Simon Hirsh, in so far as I individually am liable on the said partnership
debts."

And that the petition for discharge be amended so as to provide:

"Your petitioner seeks a discharge from all debts which may be provable
against his individual estate, consisting not only of individual debts, but also
debts contracted as a member of the firm composed of myself and Simon
Hirsh, and doing business under the name of City Metal Works, except such
debts as are excepted by law from a discharge."

Thereupon the discharge would operate only for the protection of
his individual estate, and could not be invoked as against the partner-
ship of which he was a member. The order of discharge would
provide for his discharge, as an individual, from any individual re-
sponsibility growing out of the partnership liability. This is not
an application to set aside the discharge for the purpose of inserting
a creditor in the schedules, as appeared in Re Hawk, 114 Fed. 916, 52
C. C. A. 536. It is not an application for the purpose of bringing in
the partnership, and having it adjudicated a bankrupt, and its affairs
administered, as was attempted in the Matter of Mercur, 8 Am. Bankr.
R. 275, 116 Fed. 655, affirmed in 122 Fed. 384, 58 C. C. A. 472, 10
Am. Bankr. R. 505. The amendment cuts off no rights of Phelps,
Dodge & Co.—for instance, the right to prove their claim. They had
full opportunity to prove such claim against the bankrupt as an indi-
vidual, which they neglected to do; and, although the time for proving
the claim is now past, yet the fault is with the creditors who ignored
their opportunity to reach the personal assets of the individual, if they
so desired.

It is objected that, the term having passed, this court has no power to amend the judgment. That such power exists, has been adjudged. In re Ives, 113 Fed. 911, 51 C. C. A. 541, 7 Am. Bankr. R. 692 (decided below [D. C.] 111 Fed. 495, 6 Am. Bankr. R. 653); In re Lemmon & Gale Co., 7 Am. Bankr. R. 291, 112 Fed. 300, 50 C. C. A. 247; In re Mercur, 116 Fed. 655, 8 Am. Bankr. R. 275, affirmed in 122 Fed. 384, 58 C. C. A. 472, 10 Am. Bankr. R. 505; Matter of Henschel, 114 Fed. 968, 8 Am. Bankr. R. 201; Sandusky v. National Bank, 23 Wall. 289, 23 L. Ed. 155. Contra, In re Hawk, affirmed on appeal on other grounds, 114 Fed. 916, 52 C. C. A. 536.

As already stated, the fact that a year has passed is not injurious to the creditors opposing this motion, inasmuch as they had ample opportunity to prove their claim, and nothing in the amendment affects it. In this the case is distinguishable from In re Hawk, supra. Therefore the present motion is granted, so far as to permit the amendments to the extent above stated, but not for the purpose of allowing the discharge of the firm.