IN THE MATTER OF SOLÁ É HIJO, S. EN C., Bankrupt.

San Juan, Bankruptcy, No. 61.

AS TO RECONSIDERATION OF MASTER'S REPORT.

Reconsideration—May Be Allowed Before Estate Is Closed.

1. Bankruptcy matters are to be considered as open to reconsideration so long as the case is before the court and the interests affected are unchanged, though under other circumstances the matter decided at a previous term might be considered as *res judicata*.

Reconsideration—When Granted.

2. Previous orders of the court confirming orders of the referee will be reconsidered, and a rehearing will be granted, when the points presented in the motion therefor have not been previously before the court.

Opinion filed July 13, 1915.

*Mr. T. D. Mott* for motion.

*Mr. Frank Antonsanti* for Celestino Solá.

VIII. Porto Rico—13.

In the Matter of Solá é Hijo.

HAMILTON, Judge, delivered the following opinion:

1. The present motion is for the court to reconsider previous orders of this court, dated October 28, 1913, confirming the order of the referee of September 4, 1913, and also this court's order confirming another order of the referee dated December 6, 1913, in regard to a certain warehouse mortgaged by Solá é Hijo, S. en C., to Celestino Solá, on Ruiz Belvis street, Caguas. It appears that the points now presented have not been previously before the court. The principal matter involved is the effect of the record after the declaration of bankruptcy, of a mortgage executed and annotated previous to the adjudication, the more especially where the annotation is within four months before the adjudication, but the mortgage itself is dated almost a year earlier. Involving as this does the Mortgage Law of Porto Rico, the court would prefer to decide the law only with all the facts before it.

2. Under other circumstances the matter (decided at a previous term) might be considered as *res judicata,* but in bankruptcy matters are to be considered as open to reconsideration so long as the case is before the court and the interests affected are unchanged. Re Ives, 51 C. C. A. 541, 113 Fed. 911, 913; Re Lemmon & G. Co. 50 C. C. A. 247, 112 Fed. 296; General Order XXI., § 6; § 2, §§ 2 and 6, Bankruptcy Act. Such seems to be the fact in the application at bar, and the rehearing will be granted.

It follows that the two orders of this court mentioned are set aside, and the motion herein filed is ordered to stand as a petition, and the answer as filed to stand as the answer thereto, and the matters contained are referred to special referee, H. G.

In the Matter of Solá é Hijo.

Molina, for consideration at large and report thereon, upon the petitioner's giving bond to be approved by the court in the sum of $1,000. If the parties can agree upon the facts, the court will take a final submission without reference to the referee.

It is so ordered.